SCOTTISH UNION AND NATIONAL INSURANCE COMPANY
*v.* BRIDGET ENSLIE.

1. FIRE INSURANCE. *Mortgagor and mortgagee. Suit.*

  Where a policy of fire insurance is issued payable to the mortgagee " as his interest may appear," balance to the mortgagor, the latter may, in case of loss, after the insurer has paid the sum due on the mortgage debt, maintain an action at law on the policy in his own name for the balance.

2. SAME. *Policy. Limited time for suit. Waiver. Construction.*

  A clause in a fire insurance policy limiting the time for suit is waived by requests for forbearance of suit and representations of the insurer that the company will pay without suit. Such clauses are for the benefit of the insurer, and are to be strictly construed to prevent forfeitures.

3. SAME. *Laws* 1894, *p.* 51. *Laws* 1896, *p.* 68. *Valued policy law. Public policy.*

  As to risks taken on property in this state, the valued policy law (laws 1894, p. 51; amended, laws 1896, p. 68) determines the quantum of recovery, whether the defendant be a foreign or domestic insurance company, and no matter where the policy is issued, said law being that of the forum and designed to protect policy holders in this state.

4. SAME. *Value of property.  Estoppel.*

 In suits on fire insurance policies on property in this state, issued
after the adoption of the act of 1894 (laws 1894, p. 51), known as
the valued policy law; the insurer is precluded from denying the
value of the property to be that on which the insurance was cal-
culated.

5. SAME. *Three-fourths clause.*

 In suits on fire insurance policies on property in this state, issued ·
after the adoption of the valued policy law (laws 1894, p. 51;
amended, laws 1896, p. 68). where the policy contains what is
known as the three-fourths clause, the insurer is precluded from
denying that the amount of the policy was but three-fourths the
value of the property.

FROM the circuit court of Washington county.

HON. FRANK A. MONTGOMERY, Judge.

Mrs. Enslie, the appellee, was the plaintiff in the court below;
the insurance company, the appellant, was defendant there.

.Mrs. Enslie, a resident of this state, was indebted to a build-
ing and loan association domiciled in Georgia.　She owned a
house and lot in Greenville, Mississippi, upon which the build-
ing and loan association had a mortgage.　The association ap-
plied to the appellant, a Connecticut fire insurance company,
and obtained the policy sued upon, the same insuring against
loss by fire upon Mrs. Enslie's said house.　It was payable to
the building and loan association "as its interest may appear,"
balance to Mrs. Enslie, and it provided for the payment of
three-fourths of the value of the property, not to exceed
$1,750.　It also contained a clause in these words: " No suit
or action on this policy for the recovery of any claim shall be
sustainable in any court of law or equity until after full com-
pliance by the insured with all the foregoing requirements, nor
unless commenced within twelve months next after the fire."

The house was burned November 2, 1895, and this suit was
begun one year and eleven days thereafter.　The insurance
company, after the fire, caused the house to be valued, and paid
the building and loan association, the mortgagee, $1,020.27,

being three-fourths of the estimated value of the destroyed house, which equaled the mortgage debt.

The insurance company's chief contentions on the trial were that the policy, being issued in Georgia, evidenced a contract of that state, governed by the laws of that state, and was not subject to Mississippi law; that the suit was not brought within the twelve months limited therefor by the terms of the policy, and that its payment of three-fourths of the value of the property to the building and loan association exonerated it from further liability. The plaintiff showed, in answer to the claim that the suit could not be maintained because not instituted within the year, that a superior agent of the defendant had represented to her, within the year, that the company would pay without suit and requested her not to sue. The plaintiff recovered in the court below the full sum of the policy, less the amount paid to the building and loan association, and the defendant appealed to the supreme court.

*Griffin & Larkin*, for appellant.

The condition in the policy limiting the time of bringing suit thereon to twelve months from time of loss, has been held by this court to be a valid stipulation. *Ohio* v. *Western, etc., Co.*, 65 Miss., 532. There was no pretense made by plaintiff of a waiver of this condition of the policy by an officer or agent other than Metzger; and the sole proof offered for the purpose of showing a waiver was the testimony of the husband of plaintiff showing the conversation between himself and Metzger, the agent. Metzger was willing to enter upon an adjustment of the loss provided the liability of the company was to be recognized as fixed by the terms of the policy and the extent of liability to be governed by the contract as written. He contended that the contract was to be governed by the law of Georgia, where there was no statute in force fixing a greater liability than the contract by its terms imposed. The witness, as agent for his wife, was contending in this conversa-

tion with Metzger for the face of the policy, being informed the Mississippi statute gave the defendant that right.

The evidence falls so far short of the direct and clear proof necessary to establish a waiver of the conditions of the policy that, if uncontradicted, it would not support the verdict rendered. The contract was begun and completed in the state of Georgia, where the building and loan association made application for the insurance and where the policy was issued. The contract was personal, and the situs of the property insured can have nothing to do with fixing the situs of the contract.

Our statute fixing the liability of companies at the face of the policy does not profess to deal with companies not engaged in and not soliciting business in this state. Therefore the contention of the defendant through its agent was right, and defendant was only liable for three-fourths of the value of the property.

The rights of contracting parties are to be measured and determined, so far as they arise from the contract, by the laws of the place where the contract is made. The recovery of three-fourths of the proven value of the house destroyed was the measure of plaintiff's rights under the contract. There was no proof of value left for the consideration of the jury, and therefore the verdict was against the law and evidence. For another reason we think the verdict was against the law and the evidence, and should not have been permitted to stand. The loss was payable to the loan association to the extent of its interest. Under the terms of the policy the association had the right to sue for and recover what was payable to it under the contract. In the case of *Lowry* v. *Insurance Co.*, 75 Miss., 43, it was held the mortgagee had the right to sue on the policy. In order to protect his rights and make effective the contract in his favor, the mortgagee should have the sole right to sue on the policy, and exact performance of the contract which the insured has made for the benefit of the mortgagee.

---

---

*Jayne & Watson,* for appellee.

It has long been held in Mississippi that the conditions of a
policy of insurance may be waived expressly or by implication
through its agents. *McPike* v. *Western, etc., Co.,* 61 Miss.,
37. This is true, though the policy contains a condition against
a waiver unless the same be indorsed on the policy, the rule
being that a waiver, after loss, is a condition which the stip-
ulation contained in the policy does not cover. *New Orleans,
etc., Association* v. *Matthews,* 65 Miss., 301; *Phœnix, etc.,
Co.* v. *Bowdre,* 67 Miss., 620; *Liverpool, etc., Co.* v. *Sheffy,*
71 Miss., 919. The question of the waiver of the conditions
of a policy is a question of facts. *New Orleans, etc., Associa-
tion* v. *Matthews,* 65 Miss., 301; *Rivara* v. *Queen, etc., Co.,*
62 Miss., 728. Our valued policy law (laws 1894, p. 51,
amended laws 1896, p. 68) was intended for the benefit of Mis-
sissippi policy holders, and if it is not applicable to this case it
had as well be repealed. The public policy of the state requires
its application.

We cannot agree with counsel that the case of *Lowry* v. *In-
surance Co.,* 75 Miss., 43, applies in this case, because the
amount sued for in this cause is seventeen hundred and fifty
dollars ($1,750), the face value of the policy, and the amount
of indebtedness owing to the building and loan association,
which constituted the mortgagee and beneficiary under the pol-
icy, was not nearly so great as the face of the policy. In cases
of this kind, we understand this court to have held that the
rule laid down in 25 L. R. A., 308, to the effect that where
the amount owing under the policy by the insurance company
exceeded the amount of the mortgage debt, the insured could
not sue, was correct. Especially should this be the rule where
a settlement has been made between the insurer and the mort-
gagee without the consent of the insured. To hold otherwise
would be to work irreparable injury to the latter.

CALHOON, J., delivered the opinion of the court.

The policy of fire insurance here is payable, in case of loss,

"to Southern Home Building and Loan Association of Atlanta, Ga., as its interest may appear; balance to assured." The interest of the association, the mortgagee of Enslie, having been paid, she had a right of action in her own name at law for any balance. It has been repeatedly and recently held that the clause in policies limiting the time for suit may be waived by representing that the company will pay without suit and requests not to sue. *Galloway* v. *Insurance Co.*, 45 W. Va., 237, s.c. 31 S. E., 969, and cases cited; *Metcalf* v. *Insurance Co.*, 21 R. I., 307, s.c. 43 Atl., 541. Such clauses are for the insurer's benefit, and are strictly construed to prevent forfeiture. We approve the doctrine of these cases, and, as this record shows evidence of such waiver, we will not disturb the finding of the jury.

The policy was issued after the act of 1894 (laws 1894, p. 51), and insurers cannot deny that the value of the property was that upon which the insurance is calculated, nor can they deny that the amount of the policy was but three-fourths of the valuation; and all companies, foreign and domestic, are bound by it. If they take a risk in Mississippi, her laws and public policy for the protection of her people must govern, and it is not to be tolerated that they may escape, by any law of the place of the issuance of the policy, the law of this state as to the three-quarter clause. This law is to protect our citizens.

*Affirmed.*