W. CALVIN WELLS, JR. v. EDWARDS HOUSE & CITY RAILWAY
COMPANY.

[50 South. 628.]

1. CAUSE OF ACTION. *Assignment in part. Personal injuries. Survivor of.*

  A cause of action for personal injuries will survive the death of
  the party to whom it has accrued, and may be assigned in whole
  or in part.

2. SAME. *Settlements. Knowledge of assignment. Effect.*

  An assignment of a share in a cause of action for personal injuries
  transfers to the assignee an interest *in præsenti* in whatever sum
  may be ascertained to have been due thereon to the assignor,
  either by suit or settlement; and where the person liable to the
  action knows of such an assignment he cannot wholly escape
  liability by payment to the assignor.

FROM the circuit court of first district, Hinds county.
HON. WILEY H. POTTER, Judge.

Wells, appellant, was plaintiff in the court below; the railway company, appellee, was defendant there. From a judgment in defendant's favor plaintiff appealed to the supreme court. The Jackson Electric Railway, Light and Power Company, in so far as concerns this case was but another name by which appellee was known. The facts are stated in the opinion of the court.

*L. Brame,* for appellant.

By the common law, property not in possession was incapable of transfer, and, therefore, choses in action, subject to well recognized exceptions, were not assignable. 2 Am. & Eng. Ency. of Law (2d ed.), 1014, 1015 and notes. But, the ancient rule of the common law prohibiting such assignment has been greatly relaxed. 2 Am. & Eng. Ency. of Law (2d ed.), 1016, 1017.

In this state, especially, where forms of action in common law counts have practically been abrogated, our courts of law should follow the rules of equity in respect to assignments.

The test of assignability of a chose in action is whether it would survive the death of the party to whom it accrued and pass to his personal representative. 2 Am. & Eng. Ency. of Law (2d ed.), 1017. *Ashby v. Carr,* 40 Miss. 64; *Railroad Co. v. Packwood,* 59 Miss. 280. The ancient doctrine has been wholly abrogated by statute in this state. Code 1906, § 717, providing for such assignments as the one made in this case, and Code 1906, § 718, puts the point beyond contention. See also, *Harris v. Hazlehurst Oil Mill,* 78 Miss 603, and *Wright v. Hardy,* 76 Miss. 534.

The case of *Moseley v. Jamison,* 71 Miss. 456, is not in point; in fact it seems to have been overruled in the subsequent cases cited *supra;* certainly it is distinguishable from the case at bar.

*Williamson & Wells,* for appellee.

This court has decided that even in a case where suit had been brought and there had been several trials and appeals to the supreme court, a judgment having been at one time secured by the plaintiff for five thousand dollars, which was reversed and a new trial awarded, the plaintiff and defendant had a perfect right to compromise and settle their controversy, without the knowledge or consent of plaintiff's attorney who had a contingent fee contract. *Moseley v. Jamison,* 71 Miss. 456, citing Weeks on Attorneys at Law, sec. 382 and the cases there cited.

Counsel further cited: *North Chicago, etc., R. Co. v. Ackley,* 44 L. R. A. 177; *Granat v. Kruse,* 114 Ill. App. 488; *Boardman v. Thompson,* 25 Iowa, 487; *Kansas City, etc., R. Co. v. Service,* 14 L. R. A. (N. S.) 1105; *Gammons v. Johnson,* 69 Minn. 488, 72 N. W. 563; *Davcy v. Fidelity, etc., Ins. Co.,* 17 L. R. A. (N. S.) 443; *Anderson v. Itasca Lumber Co.,* 91 N. W. 12; *Davis v. Weber,* 45 L. R. A. 196; *Davis v. Chase,*

159 Ind. 242; *Jackson v. Stearn,* 5 L. R. A. (N. S.) 390; *Re Snyder,* 14 L. R. A. (N. S.) 1101; *DeGraffenreid v. St. Louis, etc., R. Co.,* 66 Ark. 260, 50 S. W. 272; *Smelker v. Chicago, etc., R. Co.,* 106 Wis. 135, 81 N. W. 994; *Sherry v. Oceanic, etc., Nav. Co.,* 72 Fed. 565.

It should not be forgotten that in all the cases cited litigation had been begun; in the instant case a suit was never instituted and the injured party swears he never employed the attorney. *A priori,* the right to settle existed.

Argued orally by *L. Brame,* for appellant.

SMITH, J., delivered the opinion of the court.

One Hoy, having been injured, as it is alleged, by the negligence of the employes of appellee in the running of one of its cars, and desiring to recover damages therefor, sent for appellant, an attorney at law, and executed and delivered to him the following contract:

"In consideration of legal services rendered and to be rendered, I, William Franklin Hoy, assign and set over to W. C. Wells, Jr., my attorney, an undivided one-fourth interest in and to my right of action against the Jackson Electric Railway & Power Company for injuries received by me on the morning of July 18, 1908, by car at the corner of Pascagoula and South State streets, in the city of Jackson. Witness my signature this July 18, 1908. W. F. Hoy."

Thereupon appellant called upon the general manager of appellee for a settlement, and, according to his evidence, advised the appellee's general manager of this assignment, who thereupon requested him not to enter suit, and stated that, if a settlement was had, it would be made directly with appellant, and that he (appellant) would be protected to the extent of his interest. Notice of this assignment, and promise to settle direct with appellant, or to protect his interest, were denied by appellee's manager.

Afterward, without the knowledge or consent of appellant, a settlement was effected by appellee with, and payment was made to, Hoy, the terms of which are embodied in the following receipt:

"Jackson Electric Railway, Light & Power Co. Release. Jackson, Miss., July 31, 1908. $850.00 Received of the Jackson Electric Railway, Light &. Power Company and Edwards House & City Railway Company the sum of eight hundred and fifty dollars, the same being in full settlement and satisfaction of any and all claims for damages which I have or may have against said company on account of an injury to me received by a fall from one of the street cars of the said company on South State street, in the city of Jackson, on the 18th day of July, 1908, and in full satisfaction of all claims and demands and rights of action which I may have on account of said injury; and I certify that I have not employed any attorney, and I agree to protect and save harmless the said company against any claim for attorney's fees, or any demand which may be made on account of any contract which I may have made about attorney's fees, and against any claim or demand whatsoever, except sanitorium fees and doctors' bills, which said company agrees to pay; and I do hereby release and relinquish unto said company all rights of action or claims of any and all kinds which I now have or may hereafter have against said company, its associates, successors, or assigns, on account thereof.

"W. F. HOY."

Afterwards this suit was instituted in the court below to recover of appellee the amount alleged to be due appellant by reason of the assignment hereinbefore set out. At the close of the evidence there was a peremptory instruction to find for the defendant, appellee here, and from a verdict and judgment accordingly this appeal is taken.

Under our statute, Hoy's cause of action against appellee would have survived upon his death, and consequently an assignment thereof, or of an interest therein, is valid. *Chi-*

*cago, etc., R. Co. v. Packwood,* 59 Miss. 280; 2 Am. & Eng. Ency. of Law, 1017. The assignment under consideration conveyed to appellant an interest *in præsenti* in whatever amount might be ascertained, either by suit or settlement, to be due Hoy by appellee; and since, according to appellant, this assignment was known to appellee, appellee was not protected by its payment to Hoy. The peremptory instruction, therefore, ought not to have been given.

*Reversed and remanded.*