A. K. McINNIS LUMBER CO. v. RATHER.

[71 South. 264.]

1. ASSIGNMENT. *Construction. Claim for personal injury. Judgment.
    Settlement. Res adjudicata. Action by assignor. Parties. Split-
    ting cause of action. Trial. Nonjoinder of parties. Form of ob-
    jections. Waiver. Evidence. Pleading. Motion to strike.*

    An assignment by an employee to his attorney for legal services
        of a one-half interest in a cause of action against his employer
        for personal injury, based upon the amount of recovery by suit
        or compromise, and providing that no compromise should be
        made unless mutually agreed upon by the parties, was not
        an agreement to pay a contingent fee of one-half of the amount
        recovered, but was a valid assignment of a one-half interest in
        the cause of action, upon which suit might be maintained in the
        name of the assignee.

2. ASSIGNMENT. *Judgment. Settlement. Res adjudicata.*

   After notice of an assignment of this character, to the person causing the damage, the assignee is not bound by any settlement made by such person with the assignor without his consent, nor, ordinarily, by a judgment to which he is not a party, recovered by the assignor on the cause of action assigned.

3. ACTION BY ASSIGNOR. *Parties. Splitting cause of action.*

   Where assignees held a valid written assignment of a half interest in the cause of action sued on, they are, under section 717, Code 1906, proper parties to the suit; and in order to prevent the cause of action from being split, resulting in defendants being harrassed by more than one suit, they are necessary parties thereto.

4. SAME.

   A nonjoinder of a person who should have been joined as a plaintiff, not apparent on the face of the declaration, can be availed of by a plea in abatement, or by nonsuit, if it appears from evidence at the trial.

5. SAME.

   A defendant, if he so desires may waive the nonjoinder as a ground for defeating the action and take advantage of it at the trial to the extent of limiting the plaintiff's recovery to a proportionate part of the damages suffered.

6. PARTIES. *Nonjoinder of parties. Plaintiff. Objection.*

   In such case, in order for defendant to avail himself of a nonjoinder at the trial as a ground for defeating the action, he must comply with Code 1906, section 722, which provides that such nonjoinder shall not be objected to at the trial unless defendant give written notice thereof in his plea; stating the name of the party alleged to be omitted.

7. SAME.

   In order for a defendant to introduce under the general issue evidence of the nonjoinder of a plaintiff, and thereby avail of it as a ground for limiting the amount of recovery he must comply with section 744, Code 1906, relating to proof under the general issue of any affirmative matter in avoidance and requiring notice thereof in writing to be filed with the plea.

8. PLEADING. *Motion to strike.*

   In a suit by an employee on a claim for personal injury, his motion to strike out the notice accompanying the plea of the general issue to the effect that plaintiff had assigned a part interest in his cause of action to certain persons, who were not joined as parties plaintiff in the suit, should have been overruled for two

reasons: First, where an improper notice is attached to the general issue, the proper mode of avoiding the special matter proposed to be proven under it is to object to the evidence when offered, on the ground that it is not pertinent or relevant to the issue to be tried and, second, because the evidence which defendant proposed to introduce at the trial was competent in order that, if defendant so desired, the recovery might be limited to a proportionate part of the damages suffered.

APPEAL from the circuit court of Jones county.

HON. PAUL B. JOHNSON, Judge.

Suit by John Rather against A. K. McInnis Lumber Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*U. B. Parker,* for appellant.

*Pack & Collins,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment awarding appellee damages for an injury received by him while in appellant's employ and by reason of its alleged negligence.

Before pleading to the declaration, appellant requested the court by motion to abate the suit, for the reason that:

"Pack & Collins, attorneys at law of Laurel, Mississippi, are necessary parties thereto in that on the 3d day of October, 1913, and before the filing of this suit, John Rather, the plaintiff herein, made, executed, and delivered to them an assignment of one-half interest in and to his cause of action against the defendant company, as is shown by a copy of said assignment filed and marked 'Exhibit A.' "

To this motion a demurrer was interposed and sustained.

With its plea of the general issue, appellant gave notice that it would offer at the trial evidence tending to show:

"That on the 3d day of October, 1913, John Rather made an assignment to Pack & Collins, attorneys of record herein, of a one-half interest in his cause of action against the defendant herein, which said assignment was in writing and signed by said John Rather and acknowledged before R. F. Cook, a notary public of Hinds county, state of Mississippi, a copy of which assignment is filed herewith and marked 'Exhibit A,' to this notice," etc.

Appellee then, by motion, requested the court to strike this notice from the pleadings, which motion was by the court sustained.

The assignment referred to in the motion and notice reads as follows:

"In consideration of the legal services rendered and to be rendered, by Pack & Collins, attorneys at law, of Laurel, Mississippi, I hereby assign, transfer and set over to my said attorneys a one-half interest in a certain cause of action which I have against the McInnis Lumber Company, of Ovett, Mississippi, for a personal injury received on September 1, 1913, at its sawmill while working as an employee of said company. It is understood and agreed that my said attorneys are to receive one-half of whatever is recovered from said defendant, either by suit or compromise. It is further agreed that no compromise of said matter shall be made unless the same is mutually agreed upon by the parties to this agreement.

"Witness my signature on this the 3d day of October, 1913.                [Signed] JOHN RATHER."

Counsel for appellee are in error in stating that this instrument is merely an agreement by appellee to pay them a contingent fee of one-half of the amount which they might recover for him from appellant, for it is a valid assignment of a half interest in appellee's cause of action, upon which a suit can be maintained in the name of the assignees. *Wells* v. *Railway Co.,* 96 Miss. 191, 50 So. 628, 27 L. R. A. (N. S.) 404.

After notice of an assignment of this character, to the person causing the damage, the assignee is not bound by any settlement made by such person with the assignor without his consent (*Wells* v. *Railway Co., supra*), nor, ordinarily, by a judgment to which he is a party, recovered by the assignor on the cause of action assigned.

Since these assignees hold a valid written assignment of a half interest in the cause of action sued on, they are, under section 717, Mississippi Code 1906, proper parties to the suit; and in order to prevent the cause of action from being split, resulting in appellant being harrassed by more than one suit, they are necessary parties thereto.

A nonjoiner of a person who should have been joined as a plaintiff, not apparent on the face of the declaration, can be availed of by a plea in abatement or by nonsuit, if it appears from the evidence at the trial. *Halsey* v. *Norton*, 45 Miss. 705, 7 Am. Rep. 745. A defendant, if he so desires, may waive the nonjoinder as a ground for defeating the action, and "take advantage of it at the trial to the extent of limiting the plaintiff's recovery to a proportionate part of the damages suffered." 15 Enc. Plead. & Prac. 568; Puterbaugh's Pleading & Practice, Common Law (8th Ed.) 51.

In order to avail of a nonjoinder at the trial, as a ground for defeating the action, section 722, Mississippi Code 1906, must be complied with; and in order for a defendant to introduce under the general issue evidence of the nonjoinder of a plaintiff, and thereby avail of it as a ground for limiting the amount of recovery, section 744, Mississippi Code 1906, must be complied with.

The motion to abate the action raised no issue, and could not have been sustained by the court; but the motion to strike out the notice accompanying the plea should have been overruled, for two reasons: First, "Where an improper notice is attached to the general issue, the proper mode of avoiding the special matter proposed to be proved under it is to object to the evidence when offered,

on the ground that it is not pertinent or relevant to the issues to be tried" (*Wren* v. *Hoffman,* 41 Miss. 616; *Railroad* v. *Wallace,* 50 Miss. 244) ; and, second, the evidence which appellant proposed to introduce at the trial was competent in order that, if appellant so desired, the recovery might be limited to a proportionate part of the damages suffered.

The judgment of the court below must therefore be reversed, irrespective of whether or not this notice was sufficient compliance with section 722 of the Code in order to enable appellant to avail of the nonjoinder as a ground for defeating the action, as to which we express no opinion.

Section 718, and the second sentence of section 717, of the Code, are not here involved, the assignment having been executed before the suit was instituted.

*Reversed and remanded.*