## WILLIAMS v. HOME INS. CO.

(Division B.    Jan. 8, 1934.)

[151 So. 728.    No. 30964.]

Frank A. Critz and B. H. Loving, of West Point, for appellant.

McClellan & Tubb, of West Point, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action in the circuit court of Clay county against appellee on a fire insurance policy, covering loss by fire of a Ford truck, to recover the sum of two hundred sixty-one dollars and forty cents, alleged to have been appellant's interest in the loss. Appellee demurred to the declaration as amended. The demurrer was sustained, and, appellant declining to plead further, final judgment was entered in favor of appellee, from which judgment appellant prosecutes this appeal.

The policy of insurance was made an exhibit to the declaration. It contained a loss payable clause in favor of the mortgagee of the truck, the Universal Credit Company, and provided that in case of fire the loss should be adjusted with appellant, the purchaser of the truck, but was to be paid, subject to all the conditions in the policy, only to the Universal Credit Company "for the account of all interests." The declaration was in two

counts. We deem it unnecessary to set out separately the facts charged in each count. In substance, it was charged that the usual fire insurance policy was issued by appellee to appellant, covering the latter's Ford truck; that the limit of the liability on the policy was five hundred fifty-two dollars; that while the policy was in force the truck was destroyed by fire without appellant's fault; that appellant complied with the provisions of the policy with reference to notice and proof of loss, and offered to adjust the loss with appellee, which offer appellee declined; that the loss was greater than the face of the policy; that at the time of the loss the Universal Credit Company held and owned the purchase-money note for the truck, reserving the title to it until paid for; that the balance of the purchase money due on the truck was two hundred ninety dollars and sixty cents; that after refusing to adjust the loss with appellant, appellee, without appellant's consent, proceeded to adjust the loss with the Universal Credit Company, so far as its rights were concerned, and, using the language of the declaration, "defendant has settled with the Universal Credit Company for its interest in said policy in full for the amount of two hundred ninety dollars and sixty cents, and that the only interest now outstanding under and by virtue of said insurance policy is the interest therein of said plaintiff which amounts to more than the difference between said two hundred ninety dollars and sixty cents and the said amount of said policy of five hundred fifty-two dollars; the value of said truck at the time of said fire was far in excess of said five hundred fifty-two dollars."

One question raised by the demurrer is, Does the declaration, as amended, sufficiently charge that appellee had settled with the mortgagee, the Universal Credit Company, for all of its interest in the policy? We have quoted above the allegation of the declaration with reference to the settlement made between appellee and the

Universal Credit Company. We think the allegation is sufficiently definite. Taking the allegation most strongly against the pleader, it sets out in unmistakable terms that the Universal Credit Company no longer had any interest in the proceeds of the policy.

Another question raised by the demurrer is that the settlement made with the Universal Credit Company was in full payment of all liability under the policy. The declaration, plainly alleges that the converse was true— that the interest alone of the Universal Credit Company was adjusted and settled, and charges further that in violation of the policy appellee refused to adjust the loss with appellant, although the policy provided that that should be done.

The other question raised by the demurrer is that appellant had no right to sue for the whole or for any part of the loss because the policy expressly provides that payment of loss should be made to the Universal Credit Company "for the account of all interests." Where there is more than one interest in the proceeds of an insurance policy, the general rule is that, notwithstanding one has been eliminated by adjustment and payment, others interested in the proceeds of the policy may sue for the loss they have suffered. Scottish Union Ins. Co. v. Enslie, 78 Miss. 157, 28 So. 822; Bacot v. Phoenix Ins. Co., 96 Miss. 223, 50 So. 729, 25 L. R. A. (N. S.) 1226, Ann. Cas. 1912B, 262; Lowry v. Ins. Co., 75 Miss. 43, 21 So. 664, 37 L. R. A. 779, 65 Am. St. Rep. 587. However, the insurance policies involved in those cases did not contain a provision that in case of loss payments should be made alone to the mortgagee for the benefit of all interests.

Appellant had no cause of action against the Universal Credit Company, for in the adjustment and settlement between it and the appellee it had received only what belonged to it under the terms of the policy, namely the balance of the purchase money due for the truck. Con-

cede that under the policy the legal title to the entire proceeds of the policy was in the Universal Credit Company for the use of itself and appellant, and for that reason appellant should have brought the suit in the name of the Universal Credit Company for his use; this question could not be raised by demurrer, it had to be raised by plea. If required so to do, the failure of appellant to sue in the name of the Universal Credit Company for his own use was a mere nonjoinder. Section 514, Code of 1930; McInnis Lumber Co. v. Rather, 111 Miss. 55, 71 So. 264.

Reversed and remanded.