SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY v. WRIGHT OIL COMPANY, INC.

5-5252                                          454 S. W. 2d 69

Opinion delivered May 25, 1970

*Shaver, Tackett, Young & Patton,* for appellant.

*McMillan, McMillan & Turner* and *Robert Wright,* for appellee.

GEORGE ROSE SMITH, Justice. The question is whether a claim for personal injuries is assignable in Arkansas. This appeal is from a judgment upholding such an assignment.

In 1967 Mr. and Mrs. Robert O. Hickson owed Wright Oil Company, the appellee, $1,206.24 upon an open account. The Hicksons also had unliquidated personal injury claims, arising from a traffic collision, against Howard Cox and his liability insurer, the appellant. The Hicksons, to secure their debt to Wright, assigned to it $1,206.24 of their tort claims against Cox and Southern Farm. Wright notified Southern Farm of the assignment and asked that it be honored in any settlement of the Hickson-Cox dispute. Southern Farms, however, ignored that request and settled with the Hicksons for more than the amount of their debt to Wright. Wright then brought this action against all three defendants for $1,206.24. Southern Farm alone has appealed.

At common law the courts did not recognize either the assignment or the survival of tort claims, whether for personal injury or for property damage. Laying aside survivability for the moment, the principal justi-

fication for the rule against assignability was the avoidance of maintenance—the fomenting of litigation between others. If causes of action for personal injuries could be assigned, then speculators could buy up such claims, perhaps at necessitous discounts, and conduct a profitable traffic in human pain and suffering. See *Rice* v. *Stone*, 1 Allen (Mass.) 566 (1861). It has also been said that the considerations urged to a jury in a personal injury case are of such a personal nature that an assignee cannot urge them with equal force. *Bethlehem Fabricators* v. *H. D. Watts Co.*, 286 Mass. 556, 190 N. E. 828 (1934).

Common law judges often mentioned assignability and survivability in the same breath, even though the policies underlying the two interdictions were far from being identical. Thus a linkage of thought grew up. Consider, for example, our opinion in *Ark. Life Ins. Co.* v. *American Nat. Ins. Co.*, 110 Ark. 130, 161 S. W. 136 (1913). There we held that an action in tort for the destruction of a business did not survive under our statute, because the cause of action did not involve physical damage to tangible personal property. But we enunciated, as dictum, the rule of thumb that had already come into being: "The causes of action that survive are assignable; those that do not survive are not assignable." Thus what began as an association of ideas is being stated in terms of cause and effect.

The fusion of assignability with survivability occurred in several jurisdictions without the courts seeming to realize what was taking place. Over a period of many years statutes providing for the survival of tort claims have been widely adopted in America. In a few states, such as Virginia and West Virginia, the legislature has taken pains to declare that survivability does not give the right to assign a tort claim not otherwise assignable. Under such statutes assignability and survivability have been kept separate. *Ruebush* v. *Funk*, 4th Cir., 63 F. 2d 170 (1933); *Hereford* v. *Meek*, 132 W. Va. 373, 52 S. E. 2d 740 (1949).

Usually, however, the survival statute does not mention assignments. The wording of our own statute is fairly typical: "For wrongs done to the person or property of another, an action may be maintained against the wrongdoers, and such action may be brought by the person injured, or, after his death, by his executor or administrator against such wrongdoer, or, after his death, against his executor or administrator, in the same manner and with like effect in all respects as actions founded on contracts." Ark. Stat. Ann. § 27-901 (Repl. 1962).

A factor contributing to the merger of survivability with assignability was the absence of any good reason for denying assignability when property damage only was involved. The reasons of policy that militate against the assignment of personal injury claims have little relevancy with respect to property damage claims. That distinction was recognized by the Supreme Court of Tennessee in 1925, when it observed that "actions ex delicto for injuries to property, as distinguished from actions ex delicto for injuries to person, are assignable." *Haymes* v. *Halliday*, 151 Tenn. 115, 268 S. W. 130 (1925).

There is a clear division of authority upon the assignability of personal injury claims under survival statutes like ours. In some states the courts have routinely applied the rule of thumb by which survivability and assignability go hand in hand. In Mississippi, for example, the court first applied that rule, without discussion of policy considerations, in a property damage case. *Chicago, St. L. & N. O. R. R.* v. *Packwood*, 59 Miss. 280 (1881). When the issue later arose in a personal injury case, the court merely followed its earlier holding, without comment. *Wells* v. *Edwards Hotel & City Ry.*, 96 Miss. 191, 50 So. 628 (1909). Other cases upholding the assignability of personal injury claims, as a consequence of their survivability, include *Vimont* v. *Chicago & N. W. R. R.*, 64 Iowa 513, 21 N. W. 9 (1884); *Grand Rapids & I. Ry.* v. *Cheboygan*, 161 Mich. 181, 126 N. W. 56, 137 Am. St. Rep. 495 (1910); *Daven-*

*port* v. *State Farm Mut. Auto. Ins. Co.*, 81 Nev. 361, 404 P. 2d 10 (1965); *Galveston, H. & S. A. Ry.* v. *Ginther*, 96 Tex. 295, 72 S. W. 166 (1903); and *Lehmann* v. *Deuster*, 95 Wis. 185, 70 N. W. 170, 37 L. R. A. 333, 60 Am. St. Rep. 111 (1897).

When the cases are studied it is strikingly noticeable that in no instance, as far as we have found, has any court discussed the basic issue of public policy in the course of holding that survivability carries with it assignability with respect to personal injury claims. The opinions follow a set pattern in declaring that inasmuch as the claim would survive the injured person's death, it is therefore assignable during his lifetime.

By contrast, whenever courts have explored the policy considerations pertinent to the issue, they have held —without exception, we think—that survivability of personal injury claims does not attract assignability in its wake. The leading case is *North Chicago St. Ry.* v. *Ackley*, 171 Ill. 100, 49 N. E. 222, 44 L. R. A. 177 (1897). There the court first recognized the basis for the common-law rule: "On grounds of public policy, the sale or assignment of actions for injuries to the person is void. The law will not consider the injuries of a citizen whereby he is injured in his person to be, as a cause of action, a commodity of sale." The court then went on to point out that survival statutes are passed not for the benefit of the injured person but for that of his widow and next of kin. Yet if the cause of action is held to be assignable by the injured person, the very purpose of the survival statute is defeated. Moreover, as the court observed: "If such actions are held assignable, on the sole ground of survivor, then an assignee in bankruptcy or under the benefit of creditors would take the cause of action."

Similarly, in an Arizona case the court first reviewed the policy argument against assignability and then concluded that the assignment of personal injury claims should be authorized by legislation more explicit

than a mere survival statute. *Harleysville Mut. Ins. Co. v. Lea,* 2 Ariz. App. 538, 410 P. 2d 495 (1966). From the opinion:

> At common law, a chose in action for personal injuries could not be assigned and would not survive. Most writers objected to the assignability because they felt that unscrupulous people would purchase causes of action and thereby traffic in law suits for pain and suffering. . . . While there may have been other reasons for frowning upon the assignability of personal injury claims, a vast majority of the early rulings based the non-assignability upon the grounds that at common law such claims did not survive the death of the injured person. It is not then surprising to note that when statutory provisions providing for the survival of a cause of action for personal injuries have been enacted, the courts have generally followed the rule that the claim is also assignable.

> \* \* \* \* \*

> Although the historical reasons given for the non-assignment of a personal injury claim have been based mostly on the non-survivability of the cause of action, we believe that the non-assignability rule standing alone has much support in public policy. Although we are not called upon to discuss the absence of legislation which would authorize the control of policy provisions in medical benefit insurance, allowing the subrogation or assignment of a cause of action for personal injuries is so fraught with possibilities, that the rule in Arizona against assignment should remain the same until changed by the legislature.

The entire subject was treated in the same way in Missouri, where the court, after reviewing the arguments at some length, reached this conclusion: "We reject the rule . . . that whether a cause of action for personal injury is assignable depends solely upon whether it survives and adopt the rule that such causes

of action may not be assigned prior to judgment for reasons of public policy." *Forsthove* v. *Hardware Dealers Mut. Fire Ins. Co.,* Mo. App., 416 S. W. 2d 208 (1967).

We have no hesitancy in joining those courts which hold that a survival statute does not confer the power of assignment upon the holder of an unliquidated tort claim for personal injuries. It follows, of course, that we also reject the appellee's secondary argument that the proceeds of such a claim should be assignable before judgment, even though the cause of action itself is not. The only value of a cause of action is its possible conversion into a collectible money judgment; so there is no sound basis for distinguishing between the cause of action and its proceeds as far as assignability is concerned.

Reversed.