NORTH CAROLINA BAPTIST HOSPITALS, INC. v. BEVERLY R. MITCHELL

No. 8721DC539

(Filed 22 December 1987)

1. **Assignments § 1— proceeds from personal injury action—assignment invalid**
    The assignment of proceeds in a cause of action for personal injury is in violation of public policy and thus invalid.

2. **Judgments § 46— personal injury settlement—division among lawyer, injured party, and medical care providers**
    Defendant attorney complied with the requirements of N.C.G.S. § 44-50 when she received $25,000 in settlement proceeds in a personal injury action, deducted her fee of 25%, then divided the balance equally between the injured party and the medical care providers.

APPEAL by plaintiff from *Harrill, Judge.* Judgment entered 19 February 1987 in District Court, FORSYTH County. Heard in the Court of Appeals 1 December 1987.

As a result of injuries sustained in an automobile accident, Henry L. Clark was treated at North Carolina Baptist Hospitals, Inc. Treatment lasted from 28 August 1982 to 22 December 1982. Total charges for services amounted to $27,579.69.

On 20 October 1982, Henry Clark executed an assignment to plaintiff which read:

In consideration of services rendered and/or services to be rendered by North Carolina Baptist Hospitals, Inc. ("Hospital") to Henry Clark ("Patient"), the undersigned hereby

assign to the Hospital all right, title and interest in and to any compensation or payment in any form that (I, we) have received or shall receive as a result of or arising out of the injuries sustained by the Patient resulting in (his, her) hospitalization, up to the amount necessary to discharge all indebtedness to the Hospital for medical services rendered to the Patient, whenever and wherever rendered. (I, We) agree that this assignment shall not relieve (me, us) of any such indebtedness until actually paid. This Assignment is irrevocable and made without prejudice to any rights that (I, we) might have to compensation for injuries incurred by the Patient, but (I, we) hereby authorize and direct any person or corporation having notice of this Assignment to pay to the Hospital directly the amount of the indebtedness owed to the Hospital in connection with services rendered to the Patient. (I, We) further authorize and direct any person or corporation making such payments to the Hospital to accept and rely upon a written statement from the Hospital as to the amount of such indebtedness.

Defendant settled Henry Clark's personal injury claim for $25,000.00, the limit of the insured's policy. Pursuant to G.S. 44-50, defendant distributed the funds as follows: $6,250.00 to defendant for legal fees, $5,812.50 to plaintiff for medical bills, $3,562.50 for other medical bills and $45.00 to David Martin (Investigator). This left $9,330.00 for Mr. Clark.

On 17 June 1983, plaintiff obtained judgment against Mr. Clark for the full amount of charges plus costs and legal interest. The $5,812.50 which defendant had paid into the office of the clerk of court was paid to plaintiff. Execution was issued for the remaining amount and returned unsatisfied.

On 4 September 1985, plaintiff brought action against defendant, alleging breach of defendant's fiduciary duty owed to plaintiff as assignee. The trial court held the following:

## FINDINGS OF FACT

1. All parties hereto are properly before the Court and all parties necessary for the determination of this action have been made defendants in this action, and the Court has jurisdiction over the subject matter and over all of the parties in this action.

2. The Court hereby incorporates the stipulations of the parties filed January 16, 1987 and in the pre-trial order with like effect as if herein fully set forth as the findings of fact herein.

3. The defendant, as attorney for Mr. Clark received the $25,000.00 in settlement proceeds, and after deducting her fee of 25%, took the balance and divided it equally disbursing 50% to the medical providers and 50% to Mr. Clark.

BASED UPON THE FOREGOING FINDINGS OF FACT, the Court makes the following:

CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and the subject matter of this action.

2. The defendant complied with the provisions of G.S. 44-49 and 44-50, which statutes are in derogation of the common law. Having complied with this statute, the defendant was not obligated to honor the assignment dated October 20, 1982, signed by Henry S. Clark, except to the extent required by G.S. 44-50.

3. Having complied with G.S. 44-50, the defendant was obligated to honor the assignment only to the extent provided by G.S. 44-50, which has been done.

4. Having concluded that this case is controlled by G.S. 44-49 and 44-50, the Court does not reach the question of the validity of the assignment dated October 20, 1982, or the question of whether the defendant was notified or received a copy of the assignment dated October 20, 1982.

JUDGMENT

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff shall have and recover nothing of the defendant in this action, and that the plaintiff's action shall be and the same is hereby DISMISSED; and that the costs of this action, to be taxed by the clerk, shall be paid by the plaintiff.

From this judgment, plaintiff appeals.

*Turner, Enochs, Sparrow, Boone & Falk, by Wendell H. Ott and Thomas E. Cone, for plaintiff appellant.*

*Henson, Henson, Bayliss & Coates, by Paul D. Coates and Perry C. Henson, for defendant appellee.*

ARNOLD, Judge.

[1] It has long been the rule that a purported assignment of rights arising out of a cause of action for personal injury is invalid as contrary to public policy. *Southern Railway Co. v. O'Boyle Tank Lines*, 70 N.C. App. 1, 318 S.E. 2d 872 (1984). The specific question involved here is whether there is a difference between the assignment of a claim and the assignment of its proceeds. We believe that the more reasoned view is that such proceeds are not assignable before judgment.

The only value of a claim for personal injury is the possible conversion of it into a collectible money judgment. *See, Southern Farm Bureau Casualty Ins. v. Wright Oil Co.*, 248 Ark. 803, 454 S.W. 2d 69 (1970). Any distinction drawn between the assignment of a claim and the assignment of its proceeds is a mere fiction and we will not circumvent public policy by adopting such a fiction. *See Town & Country Bank v. Country Mut. Ins.*, 121 Ill. App. 3d 216, 459 N.E. 2d 639 (1984); *see also, Karp v. Speizer*, 132 Ariz. App. 599, 647 P. 2d 1197 (1982). We hold that the assignment of proceeds in a cause of action for personal injury is in violation of public policy and thus invalid.

[2] Having determined the assignment in the present case to be invalid, we turn to whether the trial court correctly concluded that defendant complied with the provisions of G.S. 44-50. G.S. 44-50 attaches a lien upon any funds paid to any person in compensation for or settlement of personal injuries whether in litigation or otherwise, and it directs that person to retain out of those funds a sufficient amount to pay the bona fide claims for medical supplies and services after receiving and accepting notice of such claims. The statute further states that in no case shall the lien, exclusive of attorney's fees, exceed 50% of the damages recovered. G.S. 44-50.

In the present case, defendant received the $25,000.00 in settlement proceeds, deducted her fee of 25%, then divided the bal-

ance equally between Mr. Clark and the medical providers. Such action was in direct accord with G.S. 44-50. The trial court was correct to deny plaintiff any recovery.

Affirmed.

Judges JOHNSON and ORR concur.