CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY, D/B/A CAROLINAS MEDICAL CENTER, PLAINTIFF-APPELLANT v. FIRST OF GEORGIA IN-SURANCE COMPANY, T. M. MAYFIELD & COMPANY, MATTHEW FULTZ, TAMMI BAUGHN AND MARK BAUGHN, DEFENDANTS-APPELLEES

No. 9226SC1280

(Filed 7 December 1993)

1. **Liens § 4 (NCI4th)— personal injury—lien on settlement funds—applicability only to funds paid to third person**
     Plaintiff hospital authority was not entitled to a lien on settlement funds disbursed to the injured defendants who received medical care at plaintiff's facility, since the lien authorized by N.C.G.S. § 44-50 applies to funds paid to a third person in compensation for or settlement of personal injuries, but the funds in question here were paid, not to a third party, but directly to the injured parties.

     **Am Jur 2d, Liens §§ 40 et seq.**

CHARLOTTE-MECKLENBURG HOSPITAL AUTH. v. FIRST OF GA. INS. CO.

[112 N.C. App. 828 (1993)]

2. **Assignments § 2 (NCI4th)— personal injury—assignment of proceeds—assignment invalid**

The assignment of the proceeds in a cause of action for personal injury is invalid, and defendants therefore were not obligated to honor an assignment to plaintiff hospital authority executed by the individual defendant who was treated for his injuries at plaintiff's facility.

**Am Jur 2d, Assignments §§ 7 et seq.**

Appeal by plaintiff from order entered 21 October 1992 in Mecklenburg County District Court by Judge H. William Constangy dismissing plaintiff's claim as to defendants First of Georgia Insurance Company, T.M. Mayfield & Company and Matthew Fultz. Heard in the Court of Appeals 27 October 1993.

Plaintiff provided medical treatment to Mark and Tammi Baughn. Mark Baughn was hospitalized from 8 May 1990 until 11 May 1990, during which time he incurred charges of $2,997.77. Tammi Baughn was hospitalized from 8 May 1990 until 10 May 1990 and incurred charges of $4,401.18. Mark Baughn executed an assignment to plaintiff of his right to any compensation or payment he received as a result of his injuries. Mark and Tammi Baughn asserted a personal injury claim against a third party whose automobile liability coverage was provided by defendant First of Georgia Insurance Company (First of Georgia). Defendant T.M. Mayfield & Company receives, processes, and pays insurance claims on behalf of First of Georgia. Defendant Matthew Fultz is employed by T.M. Mayfield & Company as an adjuster and conducted the investigation of the Baughn's personal injury claims.

On 21 May 1990, plaintiff sent Matthew Fultz, in his capacity as agent for T.M. Mayfield & Company and First of Georgia, written notice that plaintiff asserted a lien against all funds paid to any person in compensation for or settlement of the injuries for which Mark and Tammi Baughn received treatment at Carolinas Medical Center. Matthew Fultz settled the Baughn's personal injury claims for $22,500.00, and First of Georgia sent the settlement funds to Matthew Fultz who disbursed $8,500.00 to Mark Baughn and $14,000.00 to Tammi Baughn. Plaintiff has not received payment for the services it rendered to the Baughns.

On 30 April 1992, plaintiff brought this action asserting claims against Mark and Tammi Baughn for failure to pay for medical

CHARLOTTE-MECKLENBURG HOSPITAL AUTH. v. FIRST OF GA. INS. CO.

[112 N.C. App. 828 (1993)]

services, and against First of Georgia, T.M. Mayfield & Company and Matthew Fultz for failure to honor plaintiff's lien and the assignment executed by Mark Baughn. On 22 May 1992, First of Georgia, T.M. Mayfield & Company, and Matthew Fultz moved to dismiss plaintiff's claim on the ground that the complaint failed to state a cause of action upon which relief could be granted. On 19 October 1992, the trial court entered default judgment against Mark Baughn, and plaintiff filed a motion for voluntary dismissal against Tammi Baughn. On 21 October 1992, the trial court entered an order dismissing plaintiff's claim as to First of Georgia, T.M. Mayfield & Company, and Matthew Fultz. Plaintiff appeals to this Court from the order dismissing plaintiff's complaint against First of Georgia, T.M. Mayfield & Company, and Matthew Fultz.

> *Turner Enochs & Lloyd, P.A., by Wendell H. Ott and Laurie S. Truesdell, for plaintiff-appellant.*

> *Howard M. Widis for defendants-appellees First of Georgia Insurance Company, T.M. Mayfield & Company and Matthew Fultz.*

WELLS, Judge.

Under the scope of our review of a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint is deemed sufficient to withstand a dismissal so long as no insurmountable bar to recovery appears on the face of the complaint and the allegations of the complaint give adequate notice of the nature and extent of the claim. *Presnell v. Pell*, 298 N.C. 715, 260 S.E.2d 611 (1979). A complaint should not be dismissed under Rule 12(b)(6) "unless it affirmatively appears that plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim." *Id.*

[1] Plaintiff contends in its first argument that the trial court erred in dismissing its claim against First of Georgia, T.M. Mayfield & Company, and Matthew Fultz because it was entitled to a lien on a portion of the settlement funds disbursed to Mark and Tammi Baughn. We disagree.

Sections 44-49 and 44-50 of the North Carolina General Statutes authorize medical provider liens upon recoveries for personal injuries to secure sums due for medical services. N.C. Gen. Stat. § 44-49 provides in pertinent part:

CHARLOTTE-MECKLENBURG HOSPITAL AUTH. v. FIRST OF GA. INS. CO.

[112 N.C. App. 828 (1993)]

From and after March 26, 1935, there is hereby created a lien upon any sums recovered as damages for personal injury in any civil action in this State, the said lien in favor of any person, corporation, municipal corporation or county to whom the person so recovering, or the person in whose behalf the recovery has been made, may be indebted for drugs, medical supplies, ambulance services, and medical services rendered by any physician, dentist, trained nurse, or hospitalization, or hospital attention and/or services rendered in connection with the injury in compensation for which the said damages have been recovered.

N.C. Gen. Stat. § 44-50 provides in pertinent part:

Such a lien as provided for in G.S. § 44-49 shall also attach upon all funds paid to any person in compensation for or settlement of the said injuries, whether in litigation or otherwise; and it shall be the duty of any person receiving the same before disbursement thereof to retain out of any recovery or any compensation so received a sufficient amount to pay the just and bona fide claims for such drugs, medical supplies, ambulance service and medical attention and/or hospital service, after having received and accepted notice thereof. . . .

We note first that these sections provide "rather extraordinary remedies in derogation of the common law, and, therefore, they must be strictly construed." *Ellington v. Bradford*, 242 N.C. 159, 86 S.E.2d 925 (1955). In *Insurance Co. v. Keith*, 283 N.C. 577, 196 S.E.2d 731 (1973), our Supreme Court held that although Sections 44-49 and 44-50 make an injured person's unpaid medical expenses a lien upon his recovery, these Sections impose no obligation upon the tortfeasor. If Sections 44-49 and 44-50 impose no obligation on the tortfeasor, then, *a fortiori*, there can be no obligation on the tortfeasor's insurer. The lien authorized by § 44-50 applies to funds paid to a *third person* in compensation for or settlement of personal injuries. *North Carolina Baptist Hosps., Inc. v. Mitchell*, 323 N.C. 528, 374 S.E.2d 844 (1988).

In the case *sub judice*, plaintiff sent notice to Matthew Fultz that it intended to assert a lien upon any funds paid to Mark and Tammi Baughn in compensation for or settlement of their injuries. Matthew Fultz, as an agent of T.M. Mayfield & Company and First of Georgia, settled the Baughn's personal injury claim for $22,500.00. First of Georgia sent the settlement funds to Matthew

CHARLOTTE-MECKLENBURG HOSPITAL AUTH. v. FIRST OF GA. INS. CO.

[112 N.C. App. 828 (1993)]

Fultz who disbursed $8,500.00 of the settlement funds to Mark Baughn and the remaining $14,000.00 to Tammi Baughn. Plaintiff is not entitled to a lien on the funds in the hands of Matthew Fultz because payment was not made to a third party but directly to the injured party. We recognize that the rising cost of health care, caused in part by patients who do not pay for the medical treatment they have received, is a matter of significant public concern, but we "must interpret and apply statutes as they are written." *Montague Bros. v. Shepherd Co.*, 231 N.C. 551, 58 S.E.2d 118 (1950).

[2] Plaintiff contends in its second argument that First of Georgia, T.M. Mayfield & Company, and Matthew Fultz were obligated to honor the assignment executed by Mark Baughn. We cannot agree.

On 10 May 1990, Mark Baughn executed an assignment to plaintiff which provided in pertinent part:

> [T]he undersigned hereby assigns to the Hospital Authority and each of its facilities that provided services to the patient all right, title and interest in and to any compensation or payment in any form that the undersigned received or shall receive as a result of or arising out of the injuries sustained by the patient resulting in the services provided, up to the amount necessary to discharge all indebtedness to the Hospital Authority for services rendered to the patient, whenever and wherever rendered.

There is no dispute that this assignment is an assignment of the proceeds from a cause of action for personal injuries. The validity of such assignments was considered by this Court in *North Carolina Baptist Hosps., Inc. v. Mitchell*, 88 N.C. App. 263, 362 S.E.2d 841 (1987). In *Mitchell*, Henry Clark was treated by plaintiff for injuries he sustained in an automobile accident. Mr. Clark incurred charges of $27,579.69 for his treatment. Mr. Clark executed an assignment, worded almost identically as the assignment in this case, to plaintiff. Defendant settled Mr. Clark's personal injury claim for $25,000.00 and distributed the proceeds as follows: $6,250.00 to defendant for legal fees, $5,812.50 to plaintiff for medical bills, $3,562.50 for other medical bills, $45.00 to an investigator, and the remaining $9,330.00 to Mr. Clark. This Court held that for public policy reasons, long recognized under North Carolina law, the assignment of the proceeds in a cause of action for personal injury was invalid. On discretionary review, our Supreme Court did not reach the public

policy considerations but stated that the only issue before it was whether an attorney who follows the disbursement provisions of N.C. Gen. Stat. § 44-50 when disbursing funds from a personal injury settlement could be held liable for a client's unpaid debt to a hospital. *North Carolina Baptist Hosps., Inc. v. Mitchell*, 323 N.C. 528, 374 S.E.2d 844 (1988). The Supreme Court held that defendant could not be held liable to plaintiff for failing to pay the hospital in accord with the terms of her client's assignment. The Supreme Court affirmed this Court on that ground only. Since the Supreme Court has not disavowed our public policy grounds in *Mitchell*, we are bound to follow that decision as it applies to this case. *North Carolina National Bank v. Virginia Carolina Builders*, 307 N.C. 563, 299 S.E.2d 629 (1983). Accordingly, the assignment executed by Mr. Baughn is void as against public policy, and the trial court properly dismissed the claim against First of Georgia, T.M. Mayfield & Company, and Matthew Fultz for failure to honor the assignment.

The order of the trial court dismissing plaintiff's claims is

Affirmed.

Chief Judge ARNOLD and Judge JOHNSON concur.