EUGENE M. JONES v. WAVERLY M. HESTER.

(Filed 23 September, 1964.)

1. Appeal and Error § 20—

Appellant may not complain of asserted errors committed in regard to issues answered in his own favor.

2. Trial § 52—

The amount of damages is to be decided by the jury and not the court, and the court does not commit error in refusing to set aside the verdict on the issues of compensatory and punitive damages because the jury has answered the issues in the sum of one dollar each.

APPEAL by plaintiff from *McLean, J.,* February, 1964 Term, POLK Superior Court.

The plaintiff instituted this civil action to recover actual and punitive damages alleged to have resulted from a libelous publication. The pleadings, issues, and much of the evidence are analyzed and discussed in this Court's opinion on a former appeal reported in 260 N.C. 264.

At the trial on the merits, the jury returned this verdict:

"1. Did the defendant write and publish Exhibit 19, as alleged in the complaint?

Answer: Yes.

"2. If so, was said publication actuated by actual malice or to accomplish some improper or ulterior motive?

Answer: Yes.

"3. What actual damages, if any, is the plaintiff entitled to recover?

Answer: $1.00.

"4. What punitive damages, if any, is the plaintiff entitled to recover?

Answer: $1.00."

The plaintiff moved to set aside the verdict on the third and fourth issues. The court refused to allow the motion but entered judgments in accordance with the verdict, from which the plaintiff appealed.

*Robert N. Golding, W. Y. Wilkins, Jr., for plaintiff appellee.*

*McCown, Lavender & McFarland by Wm. A. McFarland, and Hamrick & Jones by Fred D. Hamrick, Jr., for defendant appellee.*

PER CURIAM. The plaintiff insists the trial court committed errors relating to the first and second issues. If errors there be, they were not prejudicial for the reason that the answers to those issues were favorable to the plaintiff. The verdict on Issue No. 1 entitled the plaintiff to nominal damages. Any further compensatory damages (other than nominal) could be awarded only upon the basis of proof, by the greater weight of the evidence. The answer to Issue No. 2 permitted the jury to award punitive damages in its discretion, not as a matter of right, but as punishment for intentional wrongdoing. The damages to be awarded, therefore, were matters to be decided by the jury as issues of fact and not by the court as questions of law. The court did not commit error in refusing to set aside the issues as to damages.

In the verdict and judgment, we find

No error.