DELMAS C. BROWN v. JAMES WILSON GRIFFIN, JR.

(Filed 25 November, 1964.)

**1. Appeal and Error § 20—**

Appellant may not assert an error in the charge relating to an issue answered in his own favor.

**2. Appeal and Error § 40—**

New trials are not awarded for nonprejudicial errors.

**3. Trial § 52—**

A motion to set aside the verdict for inadequacy of award is addressed to the discretion of the court, and the fact that plaintiff has introduced evidence that he incurred medical and hospital bills in an amount exceeding the award, without anything for physical suffering, does not show abuse of discretion in the refusal of the court to set aside the verdict, since the jury was not compelled to accept plaintiff's testimony with respect to his expenditures.

**4. Appeal and Error § 44—**

Where plaintiff does not allege damages from loss of wages, and, after specific inquiry by the court, states that he requests no further instruction upon the point in addition to the court's instruction that plaintiff was entitled to recover by way of compensation a fair and reasonable sum considering, *inter alia*, the amount of plaintiff's salary, *held*, plaintiff is not in a position to complain that the court failed to charge that he was entitled to recover the amount of his wages for the time lost from work.

**5. Trial § 45—**

The court is without authority to reduce the verdict rendered by the jury without the consent of the interested party.

**6. Damages § 9—**

An admission by plaintiff that he received medical payments in a certain sum under an insurance policy issued to him is not an admission that defendant is entitled to a credit on the damages for such payment, and if there is nothing in the record to show that defendant paid plaintiff anything for medical expenses or that such payment was made under a liability policy, it is error for the court to deduct the amount of the insurance payment from the award of the jury.

APPEAL by plaintiff from *Latham, S.J.,* June 1, 1964 Schedule C Civil Session of MECKLENBURG.

This action was instituted May 2, 1963. Plaintiff, in his complaint filed the day the action was begun, alleges: He was injured about 1:54 a.m. on July 29, 1962, when his automobile left the highway and collided with a utility-power pole. He was occupying the right front seat. Defendant was driving the automobile when plaintiff was injured. The collision causing plaintiff's injuries was the result of defendant's negligent failure to maintain a proper lookout, or to apply brakes, or to keep the vehicle under control. The complaint describes with particularity the injuries plaintiff sustained. These, he alleges, have caused, and will cause in the future, physical pain and mental anguish. Because of his injuries, he has incurred obligations for doctors, dentist, hospital and drug bills, and will continue to incur additional expense of a like nature in the future.

Defendant answered on June 25, 1963. He admitted he was operating plaintiff's automobile when the collision occurred. He denied the allegations charging negligence, and denied, for lack of information, the extent of plaintiff's injuries.

On March 26, 1964, defendant was granted permission to amend his answer. Thereupon he alleged as an additional defense: Plaintiff and defendant with two others, shortly after noon on July 28, went to Lake Wylie for relaxation. The four drank a bottle of vodka; one left; the other three consumed another bottle of vodka. About 11 p.m. plaintiff

and defendant went to a restaurant where they had a steak dinner and a pitcher of beer. When they left the restaurant, plaintiff drove his car until 1:30 a.m., at which time he announced he was too sleepy to drive. Defendant thereupon took control of the car. He went to sleep. Defendant alleges plaintiff was contributorily negligent in permitting defendant to drive when he knew, or should have known, the food and alcohol which caused plaintiff to be sleepy would have a like effect on defendant.

The court submitted issues which were answered as follows: "Was the Plaintiff injured and damaged by the negligence of the Defendant as alleged? ANSWER: Yes. What amount, if any, is the Plaintiff entitled to recover from the Defendant? ANSWER: $1,000.00."

Judgment was entered in favor of plaintiff. The judgment, after reciting the issues as answered by the jury, has this further recital: "Upon the coming in of the verdict, the defendant, through counsel, made a motion in the cause that this verdict be reduced by the amount and to the extent of $500.00, advising the Court, and the Court finding as a fact, that that amount, to-wit: $500.00, had, subsequent to the institution of this action, been paid by the defendant to the plaintiff in payment of a portion of the medical and hospital expenses incurred by the plaintiff as a result of the accident complained of by the plaintiff."

The court then adjudged that plaintiff recover the sum of $500.00 and his costs, which included an allowance for counsel fees.

Plaintiff requested the court to set the verdict aside as contrary to the evidence. His motion was denied. He then moved for a new trial as a matter of right. The motion was denied. The judgment was signed. Plaintiff, having excepted to the denial of his motions and to the judgment, appealed.

*John D. Warren for appellant.*
*Boyle, Alexander and Wade for appellee.*

RODMAN, J. Plaintiff's first assertion of error is directed to the court's charge with respect to the first issue. His interpretation of the charge would require him to carry a greater burden of proof than the law requires. We do not agree with plaintiff's interpretation, but if error in that respect be conceded, it was harmless. The jury answered the issue as plaintiff says it should be answered. New trials are not awarded for nonprejudicial errors. *Jones v. Hester,* 262 N.C. 487, 137 S.E. 2d 846. Plaintiff testified he incurred medical and hospital bills to the amount of $1,752.00. Hence he says even if the jury awarded nothing for pain and suffering, it could not have answered the second issue

for any sum less than $1,752.00. True, the jury could have accepted plaintiff's testimony with respect to his expenditures; but it was not compelled to do so. Defendant made no admissions with respect thereto. The judge had the discretionary power to set the verdict aside; but he was not compelled to act. *Dixon v. Young,* 255 N.C. 578, 122 S.E. 2d 202. Abuse of discretion is not shown.

Plaintiff, on direct examination, testified he was out of work for one month. His salary was $575.00 per month. On cross examination, he said he did no work for one week, but then worked half of each day "until I could get where I could stay all day * * * I worked half days for possibly at least two weeks. After that, I returned to work full time except for several periods when I was hospitalized." He further testified, "My company was good enough to pay me the time I was out. I did not have actual wage loss."

The court charged in part: "[I]t is for you, the jury, to say, under all the circumstances, what is fair and reasonable sum which the defendant should pay the plaintiff by way of compensation for the injuries he has sustained, if any. [T]he age and occupation or profession of the plaintiff, the nature and extent of his business, the value of his services, the amount of his salary, whether plaintiff was employed or unemployed."

In concluding the charge, the court inquired: "Any requests for further instructions?" Counsel for plaintiff replied: "No requests for the plaintiff."

Plaintiff does not except to the quoted portion of the charge. He challenges its accuracy indirectly by excepting to the failure of the court to specifically inform the jury that plaintiff was entitled to recover for the time he was not at work, even though his employer made no deduction because plaintiff was not able to work full time. The failure to so charge was, he says, a violation of the duty imposed by G.S. 1-180.

The decisions on this question are not in harmony. *Pensak v. Peerless Oil Co.,* 166 A. 792; *Limbert v. Bishop,* 101 S.E. 2d 148; *Morgan v. Woodruff,* 208 S.W. 2d 628; *Hudgens v. Mayeaux,* 143 So. 2d 606; *Martin v. Sheffield,* 189 P. 2d 127; 15 AM. JUR., Damages, sec. 200. Decision is not now necessary. Plaintiff did not allege damage because of loss of wages. Not only did he not allege such loss, but when a specific inquiry was made with respect to the sufficiency of the charge, he stated he did not ask for further instructions. He can not now complain of the asserted inadequacy of the charge. *Overton v. Overton,* 260 N.C. 139, 132 S.E. 2d 349; *Parks v. Washington,* 255 N.C. 478, 122

S.E. 2d 70; *State v. McPeak,* 243 N.C. 273, 90 S.E. 2d 505; *Owens v. Lumber Co.,* 212 N.C. 133, 193 S.E. 219.

Other assignments relating to the charge have been carefully examined. We find none requiring discussion.

Plaintiff's final assignment of error is directed to the action of the court in reducing the amount which the jury awarded as damages, and rendition of judgment for the reduced amount. A court may not, without the assent of the interested party, reduce a verdict. The judgment should, of course, follow the verdict. *Bethea v. Kenly,* 261 N.C. 730, 136 S.E. 2d 38. Here, the court found that "$500.00, had, subsequent to the institution of this action, been paid by the defendant to the plaintiff in payment of a portion of the medical and hospital expenses incurred by the plaintiff as a result of the accident complained of by the plaintiff."

There is no evidence to support the court's statement. Significantly, defendant does not plead payment in whole or in part even though he was permitted, within 60 days of the trial, to amend his answer to plead contributory negligence. "Payment is an affirmative plea and the burden of showing payment is on the one who relies on payment as a defense." *White v. McCarter,* 261 N.C. 362, 134 S.E. 2d 612.

The briefs make it clear, we think, that the court did not intend to find as a fact that defendant had paid plaintiff any sum; and what is stated as a finding is a legal conclusion. Whether that conclusion is correct depends on the facts. The only thing in the record on which the court could base its conclusion was a letter written by the Assistant Treasurer of Southeastern Fire Insurance Company to plaintiff on June 5, 1963. The letter reads:

> "Re:   Policy # ACF 34924
>
>         Date of Accident
>
>         7-29-62

"Dear Mr. Brown:

"We are pleased to attach our draft in the amount of $500.00, payable to you on the Medical Expenses incurred as a result of the captioned accident. This payment represents the maximum payment possible under the Medical Payments coverage of your policy.

"We trust you will find the attached draft in order."

We infer from plaintiff's brief that he admits he received $500.00 from the insurance company, but that is not an admission that defen-

dant can pay plaintiff with insurance bought and paid for by plaintiff. The policy of insurance is not a part of the record. We have no information with respect to the policy provisions. Was the policy an accident and health policy paid for by plaintiff, or was it a combination medical and liability policy? There is nothing here to show a payment to plaintiff by defendant. If defendant had desired the benefit of the insurance payment, he should have placed the facts to support his plea in the record and not left his right to benefit by the payment to speculation.

That portion of the judgment reducing the verdict will be stricken, and the jury's verdict reinstated. The judgment will thereon be modified to conform with the verdict. The judgment is

Modified and affirmed.