## J. H. CALLICUTT v. DOUGLAS SMITH.

(Filed 4 May, 1966.)

**1. Trial § 11—**

While counsel is allowed wide latitude in the argument to the jury, the refusal to permit counsel to present a chart with computations to substantiate the argument as to the injured person's life expectancy and the *quantum* of damages, which chart amounted to an exhibit not introduced in evidence, is not error.

**2. Damages § 15—**

The court's instruction on the issue of damages held in conformity with the rule laid down in *Ledford v. Lumber Co.*, 183 N.C. 614, and not subject to exception.

**3. Trial § 52—**

A motion to set aside the verdict for inadequacy of award is addressed to the sound discretion of the trial court, and the denial of the motion will not be disturbed in the absence of a showing of abuse.

MOORE, J., not sitting.

APPEAL by defendant from *Bone, E.J.*, January 1966 Session, RANDOLPH Superior Court.

J. H. Callicutt brought suit against the defendant Douglas Smith to recover some $600.00 for damages done to his truck in a collision occurring May 11, 1964. He made the usual allegations of negligence, saying, in effect, that the defendant's car ran into his truck while the latter was making a left turn from Fayetteville Street to Walker Avenue in the City of Asheboro. The defendant denied negligence and set up a cross action against the plaintiff in which he sought to recover $26,180.00 for personal injuries and property damage. The jury answered the issues of negligence against the plaintiff and in favor of the defendant and awarded Smith $400.00 for damages to his car and $1,000 for personal injuries.

The defendant moved to set aside the verdict for inadequacy and upon denial of the motion, appealed, assigning errors.

*John Randolph Ingram Attorney for defendant appellant.*

*Jordan, Wright, Henson and Nichols by G. Marlin Evans Attorneys for plaintiff appellee.*

PER CURIAM. At the beginning of the defendant's argument in the Superior Court, his attorney attempted to present to the jury a large chart setting forth the defendant's life expectancy and a number of computations to support a verdict far in excess of the amount

sued for. Upon objection by the plaintiff, it was excluded and the defendant complains that this was error. While counsel is allowed wide latitude in argument to the jury, and to use figures and calculations in support of his position, he, in effect, was attempting to use this chart as an exhibit which had never been introduced in evidence. The exception is untenable.

The defendant excepts to the court's instruction on damages, but upon examining it, it is found to be an almost verbatim statement of the rule of damages as taken from *Ledford v. Lumber Co.*, 183 N.C. 614, 112 S.E. 421 (1922). It has been used as an accurate statement by the judges of the Superior Court for many years and has been approved by this Court in numerous cases. These exceptions are without merit.

While it is true that the defendant's evidence showed serious and painful injuries, and substantial hospital and medical expense as a result, the amount awarded by the jury indicates that it had difficulty in arriving at a verdict in favor of the defendant. This was reflected by the length of time taken for its deliberations, as well as the amount awarded. This phase of the matter was presented to the trial judge upon the insistence of the defendant that the amount was so small that it went against the greater weight of the evidence. We have frequently held that this kind of motion is within the sound discretion of the trial judge, *Dixon v. Young*, 255 N.C. 578, 122 S.E. 2d 202, and it was held in *Brown v. Griffin*, 263 N.C. 61, 138 S.E. 2d 823 that "(t)he judge had the discretionary power to set the verdict aside; but he was not compelled to act." Abuse of discretion is not shown and after fully considering all of the defendant's exceptions, we find that in the trial there was

No error.

MOORE, J., not sitting.