TRAVELERS INSURANCE COMPANY v. GORMAN Z. KEITH AND NORFOLK SOUTHERN RAILWAY COMPANY

No. 42

(Filed 1 June 1973)

1. Rules of Civil Procedure § 22— interpleader action — burden on each defendant — propriety of summary judgment

In an interpleader action under Rule 22 of the N. C. Rules of Civil Procedure, each defendant is the adversary of the other and occupies the position of a plaintiff, each having the burden of establishing his right to the fund by the greater weight of the evidence, and summary judgment may be granted as in any other case.

2. Insurance § 67— FELA judgment for employee — effect on recovery for medical expenses under accident policy

Where defendant employee previously instituted an FELA action for permanent injury and disability, lost wages and medical costs, the jury's verdict established the negligence of defendant employer and

the contributory negligence of employee, but did not indicate the percentage of causal negligence attributed to employer, judgment was entered against employer for approximately one-third of the amount alleged as damages by employee but the jury did not itemize its award of damages, employer paid the amount of the judgment and employee paid his remaining medical bills out of the proceeds, employee was entitled to an amount paid into court in this interpleader action by plaintiff insurance company for employee's medical expenses, since employer failed to prove that its payment of the amount of the judgment in the FELA action included payment, either in whole or in part, of the medical expenses upon which the insurance payment made by plaintiff was based.

3. Insurance § 67— FELA judgment for employee — effect on recovery for medical expenses under accident policy

While G.S. 44-49 and G.S. 44-50 make any plaintiff's unpaid medical expenses a lien upon his recovery in a personal injury action, the statutes impose no obligation with reference to the expenses upon the defendant against whom judgment has been rendered; therefore, payment of judgment by railway employer to employee in an FELA action out of which judgment medical expenses were paid did not entitle employer to an amount paid into court in this interpleader action by plaintiff insurance company for employee's medical expenses.

ON *certiorari* to review the decision of the Court of Appeals reported in 15 N. C. App. 551, 190 S.E. 2d 428 (1972). The appeal was docketed and argued in the Supreme Court as No. 80 at the Fall Term 1972.

Plaintiff Travelers Insurance Company (Travelers) instituted this action pursuant to G.S. 1A-1, Rule 22, to determine to which of the two defendants, Gorman Z. Keith (Keith) or Norfolk Southern Railway Company (Norfolk Southern), it should pay the sum of $3,584.25, which has been deposited with the court.

Travelers did not participate in the trial. The following facts which are not in dispute are established by stipulations, admissions in the pleadings, or record evidence:

Prior to 25 July 1966 Travelers issued to Norfolk Southern a group insurance policy (No. GA-23000) making the railroad's employees (subject to provisions inapplicable here) "eligible for employee benefits as provided in Article VII hereof with respect to bodily injuries occurring or sickness commencing while [they are] insured." Article VII provides: "All benefits provided under this Article are payable to or on behalf of the employee, provided that benefits based on expenses paid by the employer or other person or organization (or which an employer shall be

obligated to pay) may be paid by the Insurer to such employer or other person or organization."

Norfolk Southern paid the insurance premiums, and this policy was in full force and effect on 25 July 1966 when Keith, an employee of Norfolk Southern, was injured in a collision on its tracks while acting in the scope of his employment. Keith required hospitalization and incurred medical expenses in the amount of $4,530.15. Of this sum Travelers has reimbursed Keith in the amount of $256.45 and, under the policy, it is obligated to pay his medical expenses in the additional amount of $3,584.25.

Prior to the filing of this action Keith sued Norfolk Southern under the provisions of the Federal Employers Liability Act. He alleged damages in the amount of $109,030.15—$100,000.00 for permanent injury and disability, $4,500.00 for lost wages, and $4,530.15 for medical costs. When the case was tried at the December 1969 Session of Wake all of Keith's medical expenses "were proven as items of damages." The jury's verdict established Norfolk Southern's negligence and Keith's contributory negligence. The issue, "What amount of damages if any is the plaintiff [Keith] entitled to recover of the defendant [Norfolk Southern] for his injuries," was answered, "$33,240.00." Upon the verdict judgment was entered that Keith recover $33,240.00 from Norfolk Southern. (The judgment was introduced in evidence in this case as Keith's Exhibit 7.) On 11 August 1970, Norfolk Southern paid the judgment, and out of the proceeds Keith paid his remaining unpaid medical bills in the amount of $4,272.15.

When both Keith and Norfolk Southern claimed the balance of $3,584.25, which Travelers was obligated to pay for Keith's medical expenses, Travelers instituted this action. Judge Preston heard the case without a jury upon the stipulations, admissions in the pleadings, Keith's Exhibit 7, and the testimony of Keith. Except for his statement that Travelers' policy was "set up" in negotiations between the Norfolk Southern and the railroad employees' Brotherhood, the labor union of which Keith was a member, Keith's testimony added nothing to the stipulations. Upon the evidence Judge Preston made thirteen findings of fact which are substantially detailed above. His fourteenth "finding" is quoted:

"14. The medical expenses represented by the sum of $3,584.25 involved in this action were expenses paid by Norfolk

Southern Railway Company and which Norfolk Southern Railway Company was obligated to pay."

Upon "the foregoing findings of fact," Judge Preston made the following conclusions of law:

"1. The medical expenses represented by the sum of $3,584.25 involved in this action were expenses paid by Norfolk Southern Railway Company and which Norfolk Southern Railway Company was obligated to pay.

"2. Norfolk Southern Railway Company is entitled to recover said sum of $3,584.25 from the plaintiff under the above-mentioned policy."

Keith, excepting to Finding No. 14 and Conclusions of Law 1 and 2, appealed to the Court of Appeals. In an opinion, reported in 15 N. C. App. 551, 190 S.E. 2d 428 (1972), the court held that "the trial judge committed prejudicial error in finding and concluding that the employer paid or was obligated to pay the employee's medical expenses," and that "Keith is entitled to a new trial." We allowed Norfolk Southern's petition for certiorari.

*R. Mayne Albright for Gorman Z. Keith, defendant appellee.*

*Young, Moore & Henderson by J. Clark Brewer and Charles H. Young for Norfolk Southern Railway Company, defendant appellant.*

SHARP, Justice.

[1] Plaintiff Travelers has invoked the remedy of interpleader provided by G.S. 1A-1, Rule 22, by paying its liability under Group Policy No. GA-23000 into court in a proceeding to which all to whom it might be obligated under the policy are parties. *See* Phillips, 1970 Supplement to 1 McIntosh, *North Carolina Practice and Procedure* § 728. Thus each defendant is the adversary of the other and occupies the position of a plaintiff. Each has the burden of establishing his right to the fund by the greater weight of the evidence. If, upon the stipulations and evidence no genuine issue of material fact arises, summary judgment may be granted in favor of one claimant against the other as in any other case. 3A Moore, *Federal Practice* § 22.14[2] (2d ed. 1970) ; 19 Anderson, *Couch on Insurance* § 79:317 (2d ed. 1968).

Both Keith and Norfolk Southern agree that the decisive question in this case is whether Norfolk Southern has paid on behalf of Keith the medical expenses represented by the disputed sum of $3,584.54. Whether Finding No. 14 be denominated a finding of fact, a conclusion of law, or a combination of both is immaterial. Keith has challenged the sufficiency of the evidence and the stipulations to support either a finding of fact or conclusion of law that Norfolk Southern paid these expenses. However, in our view, Finding No. 14 and Conclusion 1, both of which are identically worded, are both legal conclusions. The essential facts being uncontroverted, whether Norfolk Southern has shown it paid Keith's medical bills is a question of law.

Benefits due a railway employee under Article VII of Travelers Insurance Company group policy GA-23000 were the subject of litigation in *Hall v. Minnesota Transfer Ry.*, 322 F. Supp. 92 (D. Minn. 1971). In that case, the court considered the identical provision of policy No. GA-23000 which we consider here. With reference to it District Judge Neville said:

"Maintenance of this policy, 100% of the premiums of which are paid by the defendant, is required by a contract between defendant and the employees' collective bargaining representative. The policy is written to cover hospital and medical expenses of certain employees and their dependents. Coverage is not limited to amounts for which the defendant would be liable under the Federal Employers' Liability Act, but extends to all bills for health care incurred by or for the beneficiaries. By the terms of the contract between the insurer and the employer and employee groups, the employer may elect to serve as a conduit between the insurer and the beneficiary by paying any expenses which are covered by the policy and receiving the proceeds of the policy by way of reimbursement directly from the insurer." *Id.* at 93-4.

By the terms of the policy, nothing else appearing, as the injured employee, Keith is entitled to the disputed fund. To establish its entitlement to the money Norfolk Southern must prove that it—not Keith—has paid the medical expenses upon which the insurance payment is based. *See Lockhart v. Insurance Co.*, 193 N.C. 8, 136 S.E. 243 (1927). Obviously, at the time the medical services were rendered, it was Keith's obligation to pay his own bills; no liability on the part of Norfork Southern had then been established. Had the issue of the railroad's negligence been answered against Keith in his action against Nor-

folk Southern it would have had no obligation to him whatever in consequence of his accident. Travelers' liability to him on account of medical expenses, however, would have been unaffected since its policy covers medical expenses and not the employer's liability.

[2] To hold that Norfolk Southern has paid Keith's medical bills, or any part of them, we would have to conclude that the payments were incorporated in Keith's recovery in the FELA action and that, when Keith paid the bills out of the proceeds from the judgment, Norfolk Southern was, in fact, paying them. This is the contention which Norfolk Southern makes. The facts, however, will not support this contention.

[3] Nor will the facts support Norfolk Southern's assertion that it "had no choice but to pay the money [for Keith's bills] to the Clerk of the Court," and that G.S. 44-50 "served as [a] conduit for their payment." It might be argued with almost as much logic that any obligation which a successful plaintiff discharged with funds derived from the judgment had been paid by the defendant who paid the judgment. G.S. 44-50 does not bear upon the question presented. While G.S. 44-49 and G.S. 44-50 make any plaintiff's unpaid medical expenses a lien upon his recovery in a personal injury action they impose no obligation with reference to them upon the defendant against whom judgment has been rendered.

[2] The judge's "finding" that all of Keith's "medical expenses were proven as items of damages" in his FELA action against Norfolk Southern means only that in that suit Keith had offered evidence tending to show that in consequence of his accident he had incurred medical expenses totaling $4,272.15. What expenses the jury accepted as proven, if any, we do not know. "True, the jury could have accepted plaintiff's testimony with respect to his expenditures, but it was not compelled to do so." *Brown v. Griffin,* 263 N.C. 61, 64, 138 S.E. 2d 823, 825 (1964). Keith had sued for damages in the amount of $109,030.15. The jury did not itemize its award of damages, which was the lump sum of $33,240.00. Presumably, in addition to Keith's pain and suffering, loss of wages, permanent injuries and disability, this sum took into account whatever medical expenses the jury found he had proven. What this amount was we do not know.

Were we to assume that the jury found expenses in the amount of $4,272.15 to have been proven, an insurmountable

uncertainty would still remain. Keith's judgment for personal injuries against Norfolk Southern was obtained in an action under the Federal Employers Liability Act. This Act abrogated the common law rule that if any negligence on the part of the employee contributed to his injuries, the employer was exonerated from any liability to him for its own causal negligence. In substitution the Act provided that the injured employee's "damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." 45 U.S.C. § 53 (1970). *See Graham v. R. R.,* 240 N.C. 338, 82 S.E. 2d 346 (1954).

Since the jury found that Keith's own negligence contributed to his injury and damage, he did not recover the full amount of his proven medical expenses, "but only a proportional amount, bearing the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both. . . ." *Norfolk & Western Ry. v. Earnest,* 229 U.S. 114, 122, 57 L.Ed. 1096, 1101, 33 S.Ct. 654, 657 (1913). What was the percentage of causal negligence which the jury attributed to Norfolk Southern? Again we cannot tell.

Since Norfolk Southern has been unable to make out a prima facie case of payment, it necessarily follows that it is not entitled to recover any part of the fund in dispute. Judge Preston's legal conclusions, stated in Finding 14 and Conclusion 1, are reversed.

This holding eliminates consideration of Norfolk Southern's contention that, because it paid the premiums, it owned plaintiff's policy No. GA-23000 and that to permit Keith to recover the fund would compel Norfolk Southern to pay his medical expenses twice. As supporting this contention it cites *Tart v. Register,* 257 N.C. 161, 125 S.E. 2d 754 (1962). Keith's contention is that the policy is "a collateral source," a fringe benefit negotiated by the employees' union in collective bargaining with Norfolk Southern, which constitutes a part of the consideration for the employees' services. He would invoke the rule that a tortfeasor cannot reduce the amount of his judgment liability to an injured plaintiff by reason of compensation or insurance paid to the plaintiff from a collateral source independent of the tortfeasor. *See Young v. R. R.,* 266 N.C. 458, 146 S.E. 2d 441 (1966) ; *Brown v. Griffin,* 263 N.C. 61, 138 S.E. 2d 823 (1964) ; *Hall v. Minnesota Transfer Ry., supra;* 22 Am. Jur. 2d *Damages* §§ 206, 210 (1965) ; Dobbs, *Law of Remedies* § 3.6, at 185,

§ 8.10 (1973). Although Keith's testimony tends to establish his contention that the policy is a fringe benefit, the stipulations and findings do not cover this point—now immaterial to decision.

Upon the stipulations and admitted facts Keith is entitled to recover the proceeds of Policy GA-23000 in the amount of $3,584.25, which is presently held by the Clerk of the Superior Court of Wake County.

This cause is remanded to the Court of Appeals with direction that it be returned to District Court for the entry of judgment in accordance with this opinion.

Modified and affirmed.