POWELL v. N.C. CRIMINAL JUSTICE EDUC. & TRAINING STANDARDS COMM'N

[165 N.C. App. 848 (2004)]

ANDREW ARNOLD POWELL, JR., Petitioner v. NORTH CAROLINA CRIMINAL
JUSTICE EDUCATION AND TRAINING STANDARDS COMMISSION, Respondent

No. COA03-1139

(Filed 17 August 2004)

**Police Officers— revocation and suspension of law enforcement certification—receiving or transferring stolen vehicles—obstruction of justice** .

The trial court erred by reversing and remanding respondent North Carolina Criminal Justice Education and Training Standards Commission's final agency decision to revoke and suspend the law enforcement certification of petitioner based on committing the felony of possession of a stolen vehicle and obstruction of justice, because: (1) the trial court's review failed to analyze the final agency decision with respect to possession of a stolen vehicle, the felony offense under which respondent was proceeding against petitioner; (2) by identifying the period of possession and the identity of the stolen vehicle by color, year, make, model, and VIN, petitioner's assertion that the facts alleged were "so unspecific as to be inadequate" is without merit; (3) the issue of whether the evidence of record sufficiently supported the findings of fact was beyond the Court of Appeals' scope of review when the trial court undertook no analysis of the pertinent supporting evidence; and (4) respondent failed to argue that the trial court's order was erroneous with respect to the misdemeanor obstruction of justice charge, and thus, any argument concerning error relative to that charge is abandoned.

Appeal by respondent from order entered 26 June 2003 by Judge Judson D. DeRamus, Jr. in Rockingham County Superior Court. Heard in the Court of Appeals 25 May 2004.

*Moss, Mason & Hill, by Matthew L. Mason and William L. Hill, for petitioner-appellee.*

*Attorney General Roy ·Cooper, by Assistant Attorney General Lorrin Freeman, for respondent-appellant.*

CALABRIA, Judge.

The North Carolina Criminal Justice Education and Training Standards Commission ("respondent") appeals the trial court's order

reversing and remanding with instructions to vacate respondent's final agency decision to revoke and suspend the law enforcement certification of Andrew Arnold Powell, Jr. ("petitioner"). We reverse the decision of the trial court and remand for further proceedings.

Petitioner was employed by the Madison Police Department as a law enforcement officer in February of 2000. As a pre-requisite to such work, petitioner sought and acquired law enforcement officers' certification on 15 October 1986. Besides his duties as a law enforcement officer, petitioner also owned two used car dealerships and a trailer park located in Virginia.

On or about 25 February 2000, Investigator Gerald Cheney ("Cheney") of the North Carolina Division of Motor Vehicles conducted a routine business inspection of one of petitioner's dealerships. Cheney's inspection consisted of recording the Vehicle Identification Number ("VIN") of selected vehicles and then validating the VIN's via the dealer's title documentation. One of the vehicles Cheney attempted to examine was a 1993 Toyota Camry bearing dealer tags, which petitioner frequently used as his personal automobile. After comparing the VIN on the door of the Camry to the Camry's confidential VIN, Cheney determined the two VIN's did not match. When Cheney requested documentation, petitioner was unable to produce any title or bill of sale for the Camry and opined such documentation might be at his other dealership. Cheney allowed petitioner to drive the Camry to an appointment but warned him not to allow anything to happen to the car. Cheney inspected twenty cars with appropriate supporting documentation for each car. When petitioner returned later that day to the dealership, he opted not to drive the Camry in favor of bringing "another car for Chaney to inspect." Cheney later determined the Camry's confidential VIN corresponded to a car previously reported stolen.

The following day, petitioner drove the Camry to the trailer park in Virginia after a tenant complained of a water leak. Petitioner had previously received notice of recurring drug activity at the trailer park. When petitioner left the Camry unattended to inspect the premises, it was stolen. Petitioner reported the theft to the authorities in Virginia; however, petitioner later authorized the investigation of the theft to be moved into an "inactive" category and did not file an insurance claim with respect to the stolen car. After the theft of the Camry, petitioner was unable to locate the documents regarding the title and/or bill of sale at the other dealership and subsequently maintained they must have been in the trunk of the stolen Camry.

In a letter dated 23 August 2001, respondent's director informed petitioner the Standards Committee found probable cause existed to believe petitioner's certification as a law enforcement officer should be (1) permanently revoked on the grounds that he committed the felony of "Receiving or Transferring Stolen Vehicles" and (2) suspended for not less than five years on the grounds that he committed the misdemeanor offense of obstruction of justice. The matter was heard before an administrative law judge ("ALJ") on 12 August 2002. Petitioner maintained, in pertinent part, that (1) no other car inspected had any problems, (2) there was no evidence petitioner changed the VIN or had reason to know the car was stolen, (3) petitioner was not informed until after the Camry was stolen from the trailer park that it had previously been reported stolen, and (4) he purchased the Camry at an auction and sometimes sellers pass stolen vehicles back into North Carolina from other states with a falsified title to sell at such auctions without the purchaser's knowledge. In the proposed decision, the ALJ concluded petitioner committed both offenses at issue, and petitioner's law enforcement certification should be suspended for not less than five years and permanently revoked. In the final agency decision, respondent adopted the ALJ's proposed decision. Relevant to this appeal, conclusion of law four provides:

> [o]n or about February 26, 2000, Petitioner committed the felonious offense of "Receiving or Transferring Stolen Vehicles" when the Petitioner unlawfully, willfully and feloniously did possess a vehicle, to wit, a 1993 black Toyota Camry, having reason to believe said vehicle has been stolen or unlawfully taken in violation of N.C.G.S. § 20-106.

Petitioner sought judicial review.

The trial court's order, issued 26 June 2003, reversed and remanded the final agency decision for vacation. The trial court held conclusion of law four was patently erroneous because "there is no one felony offense of 'Receiving or Transferring Stolen Vehicles.' " In addition, the trial court held conclusion of law four lacked required findings of fact to "support a conclusion of law that the petitioner either committed the felony offense of knowingly receiving a stolen vehicle with intent to procure title or the felony offense of knowingly transferring a stolen vehicle with intent to pass title." Finally, the trial court questioned the adequacy of respondent's pleadings in the 23 August 2003 letter since the pleadings failed to charge the offenses of receiving a stolen vehicle or transferring a

stolen vehicle "with sufficient certainty to apprise petitioner of the specific accusation against him so as to enable him to prepare his defense." Respondent appeals.

"Judicial review of the final decision of an administrative agency in a contested case is governed by [N.C. Gen. Stat. §] 150B-51(b) of the APA." *Watkins v. N.C. State Bd. of Dental Exam'rs*, 358 N.C. 190, 199, 593 S.E.2d 764, 769 (2004). "The proper standard for the superior court's judicial review 'depends upon the particular issues presented on appeal.'" *Mann Media, Inc. v. Randolph Cty. Planning Bd.*, 356 N.C. 1, 13, 565 S.E.2d 9, 17 (2002) (citations and internal quotation marks omitted). Where "a petitioner contends the [b]oard's decision was based on an error of law, 'de novo' review is proper. *Id.* (citations and internal quotation marks omitted). "[T]he appellate court examines the trial court's order [regarding an agency decision] for error of law. The process has been described as a twofold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." *Id.*, at 14, 565 S.E.2d at 18 (citation omitted). Where, as here, the trial court examines the agency's final decision and finds it affected by errors of law, *de novo* review is proper. Because the trial court expressly undertook *de novo* review, we need only determine whether the trial court did so properly.

The trial court correctly noted N.C. Gen. Stat. § 20-106 (2003) prohibits three distinct Class H felonies: (1) possessing a stolen vehicle, (2) receiving a stolen vehicle, and (3) transferring a stolen vehicle. Thereafter, the entirety of the trial court's analysis is limited to only the latter two prohibited offenses. For example, the trial court held

> the "FINDINGS OF FACT" [relevant to respondent's conclusion that petitioner violated N.C. Gen. Stat. § 20-106] do not include findings that petitioner on or about February 26, 2000, *received from, or transferred to*, another person, the Camry with the *intent to procure or pass title*, or that he then knew or had reason to know the Camry had been stolen or unlawfully taken, thus the respondent's findings do not support a conclusion of law that petitioner *either committed the felony offense of knowingly receiving a stolen vehicle with intent to procure title or the felony offense of knowingly transferring a stolen vehicle with intent to pass title.*

(Emphasis added). Likewise, in considering respondent's pleading that "petitioner committed 'the' felonious offense of 'Receiving or

Transferring Stolen Vehicles,' " the trial court reasoned the letter which served as respondent's pleading did

> not sufficiently charge petitioner with *either one or both of these felony offenses* since the charges are in the alternative and not conjunctive. Further, the necessary essential elements of intent (*receive/procure, transfer/pass*) with respect to title are not alleged nor is the name of another person associated with such *receipt or transfer*. The alleged dates of "the" offense cover a range of approximately five years. There is no allegation of the State or County in which the *receipt or transfer* occurred. In summary, respondent's pleading does not . . . clearly allege all essential elements of *either one of the two alternative charges.*

(Emphasis added).

The error in the trial court's review is manifest: it fails to analyze the final agency decision with respect to possession of a stolen vehicle, the felony offense under which respondent was proceeding against petitioner. Contrary to the trial court's order, respondent's letter dated 23 August 2001 informed petitioner that respondent had reason to believe petitioner "committed the felonious offense of 'Receiving or Transferring Stolen Vehicles' by unlawfully, willfully, and feloniously *possessing a vehicle* [petitioner] had reason to believe had been stolen or unlawfully taken." (Emphasis added). The letter went on to describe the color, year, make, model, and VIN of the stolen vehicle as well as the time period petitioner possessed the vehicle.

Having determined the trial court failed to consider the felony offense of possession of a stolen vehicle, we need only determine whether such consideration was warranted. We conclude it was for multiple reasons. First, as the trial court correctly noted, N.C. Gen. Stat. § 20-106 prohibits possessing, receiving, and transferring a stolen vehicle.[1] Second, N.C. Gen. Stat. § 20-106 is entitled "Receiving or transferring stolen vehicles," and respondent's letter simply incorporated that title. Such incorporation does not limit respondent to charging either of the latter two prohibited offenses. The General Assembly deemed the title of the statute broad enough to cover three

---

1. Petitioner contends respondent failed to give appropriate notice by failing to "reference . . . the particular sections of the statutes and rules involved[.]" *See* N.C. Gen. Stat. § 150B-38(b)(2) (2003). However, N.C. Gen. Stat. § 20-106, the statute petitioner was accused of violating, has no subsections and is, in fact, a single sentence. In addition, the letter clearly specified possession was the basis of revocation.

offenses, and we can discern no compelling reason why it would be competent to designate only two of the three offenses within that statute. Third, the elements of possession of a stolen vehicle under N.C. Gen. Stat. § 20-106 are (1) a person possesses a vehicle (2) that he knows or has reason to believe was stolen or unlawfully taken, *see State v. Craver*, 70 N.C. App. 555, 559, 320 S.E.2d 431, 434 (1984), which parallels the letter's language that petitioner "possess[ed] a vehicle" he "had reason to believe had been stolen or unlawfully taken." We reverse the trial court's order and remand for further consideration as to the offense of possession of a stolen vehicle.

We also hold summarily that, by identifying the period of possession and the identity of the stolen vehicle by color, year, make, model, and VIN, petitioner's assertion that the facts alleged were "so unspecific as to be inadequate" is without merit.

Finally, to the extent the trial court's order rests upon the absence of a finding of fact "that petitioner on or about February 26, 2000 . . . then knew or had reason to know the Camry had been stolen or unlawfully taken," the order does not properly consider the express language contained in conclusion of law four of the final agency decision, which provides that petitioner possessed the Camry with "reason to believe said vehicle ha[d] been stolen or unlawfully taken in violation of N.C.G.S. § 20-106." *See Insurance Co. v. Keith*, 283 N.C. 577, 581, 196 S.E.2d 731, 734 (1973) (finding immaterial whether a challenged finding was "denominated a finding of fact, a conclusion of law, or a combination of both"). The trial court undertook no analysis of the supporting evidence; therefore, the issue of whether the evidence of record sufficiently supports the findings of fact is beyond our scope of review in this appeal.

Respondent has not argued that the trial court's order was erroneous in any respect with regards to the misdemeanor obstruction of justice charge. Accordingly, any argument concerning error by the trial court relative to that charge is deemed abandoned. N.C. R. App. P. 28(b)(6) (2004).

Reversed and remanded.

Judges WYNN and LEVINSON concur.