RICHARD STEVE MESIMER v. DR. JOHN H. STANCIL

No. 7919SC77

(Filed 4 March 1980)

1. Damages § 11— fraud as part of breach of contract—punitive damages

The trial court erred in dismissing plaintiff's claim for punitive damages where plaintiff alleged that he paid defendant $250.00 to cap a tooth, that defendant refused to complete the work after grinding away the original tooth, and that defendant never intended to complete work on the tooth, since plaintiff sufficiently alleged a claim for fraud as a part of breach of contract, and punitive damages are allowed when an identifiable tort which carries punitive damages is alleged as a part of a breach of contract.

2. **Appeal and Error § 62.2— new trial awarded on punitive damages issue—new trial on all issues**

 Where a new trial was awarded on the issue of punitive damages in an action to recover damages for failure to perform dental work, the amount of compensatory damages awarded by the jury was four times the amount plaintiff paid to have the work performed, and it thus appears that the jury may have given some consideration to punitive damages in rendering such verdict, a new trial will be awarded in the discretion of the appellate court on all issues.

APPEAL by plaintiff from *Davis, Judge.* Judgment entered 27 October 1978 in Superior Court, CABARRUS County. Heard in the Court of Appeals 26 September 1979.

Plaintiff brought this action against his dentist. Plaintiff alleged he had paid the defendant $250.00 to cap a tooth, and the defendant refused to complete the work after grinding away the original tooth. Plaintiff further alleged that the defendant never intended to complete work on the tooth for which defendant required payment in advance, and that the defendant's false promise was intentionally designed to mislead and deceive the plaintiff. Plaintiff prayed for actual and punitive damages. When the case came on for trial, the court dismissed the claim for punitive damages under G.S. 1A-1, Rule 12(c). The case was tried and the jury awarded the plaintiff $1,000.00 in compensatory damages. Plaintiff appealed.

*Wesley B. Grant, by Randell F. Hastings, for plaintiff appellant.*

*No counsel contra.*

WEBB, Judge.

[1] The sole question presented by this appeal is whether the court committed error by dismissing the plaintiff's claim for punitive damages. Punitive damages are not allowed in claims for breach of contract except breaches of promise to marry. However, if an identifiable tort which carries punitive damages is alleged as a part of the breach of contract, punitive damages will be allowed. Fraud is a tort for which punitive damages are allowed. *See Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976). In the case sub judice, the plaintiff alleges he paid defendant $250.00 in exchange for a promise to cap his tooth, and the defendant never intended to cap the tooth. This is sufficient to allege a

claim for fraud. *See Gribble v. Gribble,* 25 N.C. App. 366, 213 S.E. 2d 376 (1975). It was error to dismiss the plaintiff's claim for punitive damages.

[2]　We perceive there may be some injustice to the defendant in letting the verdict for $1,000.00 in compensatory damages stand if there is to be a trial on the issue of punitive damages. The verdict is four times what the plaintiff had paid to have the tooth capped. It may be the jury gave some consideration to punitive damages in rendering this verdict. In our discretion, we order a new trial on all issues. *See Weyerhaeuser Co. v. Supply Co.,* 292 N.C. 557, 234 S.E. 2d 605 (1977).

New trial.

Judges ARNOLD and WELLS concur.