JANICE G. SHREVE, TONY WILLIAM SHREVE v. W. T. COMBS, JR., SARAH S. COMBS, AND ANTHONY R. COMBS

No. 8017SC644

(Filed 6 October 1981)

**1. Fraud § 1— elements of fraud**

The elements which must be established to prove actual fraud are: (1) a false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party.

**2. Fraud § 12— fraud in sale of property—misrepresentation as to encumbrances—sufficiency of evidence**

Plaintiffs' evidence was sufficient for the jury on the issue of fraud by defendant attorney in the sale of property to plaintiffs where it tended to show that defendant told plaintiffs it would be no problem to get a clear, free title to the property when he knew that the property was heavily encumbered; defendant conveyed the property to plaintiffs while the property was heavily encumbered; defendant knew or had reason to believe that plaintiffs intended to construct a house on the property and that they would have difficulty securing construction financing because of the encumbrances; plaintiffs began construction of a house on the property but were unable to acquire a construction loan to complete the house because of the encumbrances and were unable to resume construction until a later time; the items originally constructed by plaintiffs had to be reconstructed at additional expense; and the house ultimately cost plaintiffs considerably more, due to the rise in building costs, than it would have cost had plaintiffs been able to secure construction financing upon their initial attempt.

**3. Trial §§ 51, 53— motion to set aside verdict—contrary to evidence—contrary to law**

The trial court did not abuse its discretion in refusing to set aside a verdict on the ground that it was contrary to the greater weight of the evidence; nor did the court err in refusing to set aside the verdict on the ground it was

contrary to the law where the motion did not specify the error of law on which it was grounded.

**4. Fraud § 11— failure to employ other attorney for title search—relevancy**

In an action to recover for fraud by defendant attorney in the sale of property to plaintiffs by misrepresentations about or concealment of encumbrances on the property, testimony by plaintiffs that they did not employ any other attorney to search the title because the price was supposed to include a survey, deed and title search was relevant to establish the reasonableness of plaintiffs' reliance on defendant attorney's representations or concealment.

**5. Fraud § 11— fraud in sale of land—encumbrances—evidence relevant on issue of damages**

In an action to recover for fraud by defendant attorney in the sale of property to plaintiffs by misrepresentations about or concealment of encumbrances on the property, evidence relating to (1) the difference in cost of construction resulting from the delay in securing financing occasioned by existence of the encumbrances, (2) the deterioration during the delay of the work performed prior to plaintiffs' attempts to secure financing, (3) plaintiffs' efforts to secure financing, and (4) the necessity of plaintiffs' securing financing *is held* relevant and proper on the issue of the damages plaintiffs sustained as a result of defendant's fraud.

**6. Fraud § 13; Trial § 40— action for fraud—sufficiency of issue**

An issue as to fraud submitted to the jury was sufficient, when considered in the light of the court's instructions to the jury, even though it failed to set forth all of the elements of fraud.

**7. Fraud § 13; Damages § 11.1— action for fraud—punitive damages**

Submission of an issue as to punitive damages was proper in an action to recover for fraud by defendant in the sale of property to plaintiffs.

**8. Damages § 17.7; Fraud § 13— punitive damages for fraud—instructions on wanton conduct**

In an action to recover for fraud of defendant attorney in the sale of property to plaintiffs by misrepresenting that the property was unencumbered or concealing the encumbrances, the trial court did not err in instructing the jury that, in determining whether defendant's conduct was wanton and thus supported an award of punitive damages, it could consider evidence that the female plaintiff made weekly requests of defendant for a deed to the property and that defendant laughed at her when she threatened legal action and on one occasion hung up the phone when she called.

**9. Fraud § 13; Trial § 38.1— reasonableness of reliance on representation—requested instruction given in substance**

The trial court in a fraud case did not err in failing to give an instruction requested by defendant relating to the reasonableness of reliance on a representation and the duty of a representee to use due diligence to ascertain the facts where instructions given by the court contained the substance of that, requested.

**10. Trial § 45— denial of plaintiffs' motion to reduce verdict in their favor**

> The trial court in an action for fraud did not abuse its discretion in refusing to reduce a verdict for plaintiffs in the sum of $25,000 for actual damages when plaintiffs' attorney stated that the figure returned "may exceed the evidence by about a thousand" and moved "that that amount be reduced to comply with the actual figures."

**11. Fraud § 12— insufficient evidence of fraud**

> In an action against an attorney, his wife and his son to recover for fraud in the sale of property to plaintiffs by misrepresenting that the property was unencumbered, plaintiffs' evidence was insufficient for the jury on the issue of fraud by the son where it tended to show that the attorney and his wife conveyed the property to the son for no consideration in order to defeat judgment creditors and that the son executed a warranty deed to plaintiffs which represented the property to be free and clear of encumbrances when he knew it was encumbered, but there was no evidence that the son executed the deed to plaintiffs pursuant to a calculation and an intent to deceive plaintiffs. Nor was the evidence sufficient for the jury on the issue of fraud by the wife where it failed to show any false representation made by her to plaintiffs or any calculation or intent by her to deceive plaintiffs.

APPEAL by plaintiffs and defendant W. T. Combs, Jr., from *Cornelius, Judge.* Judgment entered 8 February 1980 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 9 February 1981.

Plaintiffs alleged that defendants, with intent to defraud, conspired to execute and deliver to or on behalf of plaintiffs a deed to real property, containing a warranty against encumbrances, in exchange for the sum of $15,000; that the property was in fact subject to several encumbrances; and that plaintiffs relied on defendants' false representations and warranty to their detriment. They further alleged that defendant W. T. Combs, Jr., acted as their attorney in the transaction.

Defendants' answer denied the essential allegations of the complaint. Defendants each failed to answer requests for admission served by plaintiffs. Plaintiffs offered evidence. Defendants did not.

Plaintiffs appeal from directed verdicts in favor of defendants Sarah S. Combs and Anthony R. Combs at the close of plaintiffs' evidence. Defendant W. T. Combs, Jr., appeals from a judgment entered on a verdict finding that he defrauded plaintiffs and granting plaintiffs $25,000 actual damages and $100,000 punitive damages.

*Harrington, Stultz and Maddrey, by Thomas S. Harrington,* for plaintiffs.

*McElwee, Hall, McElwee and Cannon, by John E. Hall,* for defendants.

WHICHARD, Judge.

APPEAL OF DEFENDANT W. T. COMBS, JR.

I.　Denial of Motions for Directed Verdict

　　and Judgment Notwithstanding the Verdict

[1]　Defendant W. T. Combs, Jr., assigns error to the denial of his motion for directed verdict at the close of plaintiffs' evidence and of his motion for judgment notwithstanding the verdict. The motions present the question whether the evidence, in the light most favorable to plaintiffs, constituted " 'any evidence more than a scintilla' to support plaintiff[s'] prima facie case in all its constituent elements." *Hunt v. Montgomery Ward and Co.,* 49 N.C. App. 638, 640, 272 S.E. 2d 357, 360 (1980), and authorities cited. The claim alleged is for fraud. The "constituent elements" which must be established to prove actual fraud are: (1) a false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party. *Terry v. Terry,* 302 N.C. 77, 83, 273 S.E. 2d 674, 677 (1981).

The pertinent evidence, in the light most favorable to plaintiffs, including stipulations, testimony, and unanswered requests for admissions, which are deemed admitted by G.S. 1A-1, Rule 36, was as follows:

Plaintiff Janice Shreve contacted defendant W. T. (Bill) Combs, Jr., regarding real property she wished to purchase. Defendant W. T. Combs, Jr., indicated the property was his and was for sale. The parties agreed on a purchase price of $15,000, which would include the survey and title papers. Plaintiffs understood title papers to mean "[p]apers certifying that the land was clear." Plaintiffs did not employ an attorney to search the title, because they knew defendant W. T. Combs, Jr., was an attorney and "he was suppose[d] to run the title search and include that in the price of the land." Plaintiff Tony Shreve, husband of

plaintiff Janice Shreve, had asked defendant W. T. Combs, Jr., "if he could get a clear, free title to [the property]"; and defendant W. T. Combs, Jr., had said, "Sure, no problem."

Plaintiff Janice Shreve's father paid defendant W. T. Combs, Jr., the agreed purchase price with the understanding that plaintiffs would repay him when able. Plaintiffs considered the money advanced a loan. After the purchase price was paid, plaintiff Janice Shreve contacted defendant W. T. Combs, Jr., on numerous occasions to request delivery of the deed. On one occasion he laughed at her when she threatened to file suit if he did not give her the deed. On another occasion he hung up on her when she called. After several months during which she "just kept going up there daily and threatening to take out some kind of process," defendant W. T. Combs, Jr., finally delivered to her a deed conveying the property, executed by his son, defendant Anthony R. Combs. Plaintiffs dealt solely with defendant W. T. Combs, Jr., in purchasing the property, and the check for the purchase price went to defendant W. T. Combs, Jr. Defendant W. T. Combs, Jr., was at all times during negotiations for the sale, the real owner of the property and was the only one who took part in any negotiations or transactions for the sale. Defendant W. T. Combs, Jr., prepared the deed conveying the property to plaintiffs.

Defendant W. T. Combs, Jr., did not at any time mention the existence of any encumbrances against the property. The deed which he prepared conveying the property to plaintiffs was a "warranty deed." In fact, however, the property was at the time heavily encumbered. Defendant W. T. Combs, Jr., knew of the encumbrances when the deed was executed. He also knew at that time that plaintiff Janice Shreve intended to construct a residence on the land, and that the encumbrances "ma[d]e it a practical impossibility for the plaintiffs to secure any type of conventional loan for construction."

Plaintiffs were not aware of these encumbrances when the purchase price was paid or when the deed was delivered. They would not have bought the property had they known of the encumbrances. They discovered the encumbrances after commencing construction of a house on the land and expending more than $4,300 of their joint money to grade the driveway and yard and

have basement walls constructed. Because of the encumbrances, plaintiffs were unable to acquire a construction loan to complete the house. They thus were unable to resume construction until a later time. In the interim the basement walls and driveway caved in, necessitating reconstruction at additional expense; and building costs in the area escalated, causing an estimated increase of $19,951 in the cost of building the house.

[2] The evidence recited constituted the requisite "any evidence more than a scintilla to support plaintiff[s'] prima facie case in all its constituent elements." *Hunt,* 49 N.C. App. at 640, 272 S.E. 2d at 360. Both delivery of the warranty deed and defendant W. T. Combs, Jr.'s statement that it would be no problem to get a clear, free title to the property, made with knowledge that the property was heavily encumbered, constituted evidence of false representations of a material fact. Defendant W. T. Combs, Jr.'s knowledge of the encumbrances and failure to disclose them was evidence of concealment of a material fact. The evidence thus established the first element of fraud.

The evidence that defendant W. T. Combs, Jr., knew or had reason to believe that plaintiff Janice Shreve intended to construct a house on the property, that she probably would not purchase the property unless she could build on it, and that she would have difficulty securing construction financing because of the encumbrances, was sufficient to indicate that the representations were reasonably calculated to deceive and made with intent to deceive. The evidence thus established the second and third elements of fraud.

Plaintiffs' commencement, in reliance on the representations or concealment, of construction of a house which they would be unable to complete without borrowed funds, which funds the encumbrances would likely render unobtainable, indicated that the representations or concealment did in fact deceive plaintiffs. The evidence thus established the fourth element of fraud.

Finally, the evidence that (1) the items constructed by plaintiffs with their joint money, prior to their attempt to secure construction financing, had to be reconstructed at additional expense, and (2) the house would ultimately cost plaintiffs considerably more, due to the rise in building costs, than it would have had they been able to secure construction financing upon their initial

attempt, showed that the representations or concealment resulted in damage to plaintiffs. The evidence thus established the fifth element of fraud.

Plaintiffs' evidence was, then, sufficient to establish against defendant W. T. Combs, Jr., all elements of actual fraud. The motions for directed verdict and judgment notwithstanding the verdict thus were properly denied.

## II. Denial of Motion to Set Aside the Verdict

[3] The first ground for the motion to set aside the verdict, that it was contrary to the greater weight of the evidence, invoked exercise of the court's discretion. *Britt v. Allen*, 291 N.C. 630, 231 S.E. 2d 607 (1977); G.S. 1A-1, Rule 59. We find no abuse of that discretion in denial of the motion as it related to the weight of the evidence. The second ground for the motion, that the verdict was contrary to the law, "is not a matter of discretion. In such a situation, 'the aggrieved party may appeal, provided the error is specifically designated.'" *Britt*, 291 N.C. at 635, 231 S.E. 2d at 611. The motion here did not specify the error of law on which it was grounded. Moreover, we find no error. The motion thus was properly denied.

## III. Evidentiary Rulings

[4] Plaintiff Janice Shreve was asked on direct examination why she had not employed an attorney. She testified, over objection: "Along with the purchase price for the land was to be included my survey and my deed and my title papers and that was also included in the price of the land and so I was getting all of the legal documents that I needed for the property." Plaintiff Tony Shreve also testified over objection that he did not employ any other attorney to search the title, "[b]ecause . . . [defendant W. T. Combs, Jr.] was suppose[d] to run the title search and include that in the price of the land." When asked why he did not talk to defendant W. T. Combs, Jr., any more than he did, plaintiff Tony Shreve responded, over objection, "I never did get a chance, I never could get in touch with him."

Plaintiffs had alleged that defendant W. T. Combs, Jr., was a licensed attorney and was at the time acting as their attorney. No

rule of evidence precluded their offer of proof of this allegation. The evidence was clearly relevant as tending to establish the reasonableness of plaintiffs' reliance on defendant W. T. Combs, Jr.'s representations or concealment. *See* 1 Stansbury's North Carolina Evidence §§ 77-80 (Brandis Rev. 1973).

[5]   Defendant W. T. Combs, Jr., also contends, in the portion of his brief relating to jury instructions, that the court erred in various other evidentiary rulings. The manner in which these arguments are presented violates Appellate Rule 28(b)(3), which requires that "[e]ach question shall be separately stated." Further, the arguments are without merit. The evidence in question related to (1) the difference in cost of construction resulting from the delay in securing financing occasioned by existence of the encumbrances, (2) the deterioration during the delay of the work performed prior to plaintiffs' attempts to secure financing, (3) plaintiffs' efforts to secure financing, and (4) the necessity of plaintiffs' securing financing. This evidence was relevant and proper on the issue of the damages plaintiffs sustained as a result of defendant W. T. Combs, Jr.'s alleged fraud.

## IV.   Exceptions to Issues

### A.   Fraud

[6]   The first issue submitted to the jury was as follows: "Did the defendant, W. T. Combs, Jr., make a false representation, with the intent that it should be acted upon that the . . . land was free and clear of all encumbrances and did the plaintiffs . . . act upon the representation and suffer damages to [sic] their reliance upon the misrepresentation?" Defendant W. T. Combs, Jr., assigns error to the framing of this issue, contending essentially that it failed to set forth all elements of actionable fraud and failed to require that the false representations must be of a past or present fact.

The Rules of Civil Procedure require only that "[i]ssues shall be framed in concise and direct terms, and prolixity and confusion must be avoided by not having too many issues." G.S. 1A-1, Rule 49. No particular form is required. Further, examination of the court's instructions to the jury establishes that the court fully and accurately charged as to all elements of actionable fraud, and charged that the false representations must relate "to some

material past or existing fact." The issue, considered in the light of the jury instructions, was sufficient as framed. The jury could not have been misled thereby to defendant W. T. Combs, Jr.'s prejudice.

## B. Punitive Damages

[7] Defendant assigns error to submission of the fifth issue, which was as follows: "In your discretion, what amount of punitive damages, if any, should be awarded to the plaintiffs?" Our Supreme Court has stated:

> In North Carolina, actionable fraud *by its very nature* involves intentional wrongdoing. As defined . . . in *Davis v. Highway Commission*, 271 N.C. 405, 408, 156 S.E. 2d 685, 688 (1967): " 'Fraud is a malfeasance, a positive act resulting from a wilful intent to deceive . . . .' " [Citation omitted.] The punishment of such intentional wrongdoing is well within North Carolina's policy underlying its concept of punitive damages.

*Newton v. Insurance Co.*, 291 N.C. 105, 113, 229 S.E. 2d 297, 302 (1976). The Court of Appeals has stated: "Fraud is a tort for which punitive damages are allowed." *Mesimer v. Stancil,* 45 N.C. App. 533, 534, 263 S.E. 2d 32, 32 (1980). In view of the foregoing authorities and the evidence of fraud presented here, submission of the issue was proper.

## V. Jury Instructions

Defendant W. T. Combs, Jr., contends the following instruction to the jury was error: "Evidence has been presented that the plaintiffs purchased the property to build a home and that the defendant knew that this was their intention." He argues that "[t]he record is void of any such evidence."

Defendant W. T. Combs, Jr., by his failure to answer or object to plaintiffs' requests for admission, admitted "[t]hat [he] knew prior to the payment of the purchase price to [him] for the subject property that it was the intention of the plaintiff, Janice G. Shreve, to construct a residence for herself and her family on the subject premises." G.S. 1A-1, Rule 36(a). His knowledge of that intention was thereby conclusively established for purposes

of this action. G.S. 1A-1, Rule 36(b). This contention thus is without merit.

[8] Defendant also contends the court erred in instructing the jury as follows:

> [For punitive damages to be awarded] [t]here must be an element of aggravation accompanied by . . . conduct as causes injury, as when the wrong is done wilfully with actual malice, with circumstances of rudeness, insult, enmity, repression or in a manner which expresses a reckless or wanton disregard of the plaintiffs' rights.
>
> Evidence has been introduced that the plaintiffs made weekly request of the defendant to deliver a deed for several months and when she threatened legal action that the defendant laughed at her and on one occasion hung up the phone when she called. It is for you . . . to determine . . . whether this conduct is wanton.

Although the acts referred to occurred subsequent to defendant W. T. Combs, Jr.'s oral representation that the property was unencumbered, they occurred prior to the misrepresentation made by his delivery to plaintiffs of a warranty deed. Further, "[s]ubsequent acts and conduct are competent on the issue of original intent and purpose." *Early v. Eley*, 243 N.C. 695, 701, 91 S.E. 2d 919, 923 (1956), *citing Braddy v. Elliott*, 146 N.C. 578, 60 S.E. 507 (1908). The contention is without merit.

Defendant W. T. Combs, Jr., further contends the court erred in instructing the jury that (1) he sought to sell the property and (2) plaintiffs purchased the property. He argues that plaintiffs sought to purchase the property rather than his seeking to sell it; and that plaintiff Janice Shreve's father, rather than plaintiffs, purchased the property.

The evidence that defendant W. T. Combs, Jr., met and talked with plaintiffs about the property on numerous occasions, and that he went on the property with them, fully supported the instruction that he sought to sell. While the father of plaintiff Janice Shreve did pay for the property, evidence that plaintiffs considered the money paid a loan fully supported the instruction that plaintiffs purchased the property. The contention is without merit.

[9] Finally, defendant W. T. Combs, Jr., requested the following instruction:

> The Court instructs you as a matter of law that when the parties to a transaction deal at arms length and the purchaser has full opportunity to make inquiry but neglects to do so and the seller resorted to no artifice, trick or sham which was reasonably calculated to induce the purchaser to forego investigation [,] action in fraud and deceit will not lie. The right to rely on representations is inseparably connected with the correlative problem of the duty of a representee to use diligence in respect of representations made to him. The policy of the courts is, on the one hand, to suppress fraud and, on the other, not to encourage negligence and inattention to one's own interest.

The court instructed as follows:

> [T]he plaintiffs must have relied upon the representation and acted upon it and the reliance must have been reasonable. The plaintiffs must be diligent with respect to the representations made to them. In other words, the law should suppress fraud but on the other hand the law should not encourage negligence and inattentiveness to one's own interest. If the misrepresentation is of a character to induce action by persons of ordinary prudence under ordinary circumstances and the plaintiffs were reasonable and prudent in relying on the representation this requirement is met [;] however, when the circumstances are such that the plaintiffs should have reasonably known the truth and should not have been deceived they may not recover. When the parties deal at arm's length and the plaintiffs had full opportunity to make inquiry but neglect to do so and the defendant resorts to no trickery calculated to induce the other party to forego investigation, there is no fault.

The instruction given contained the substance of that requested. This is all the law requires. "The court is not required to charge the jury in the precise language requested so long as the substance of the request is included." *Love v. Pressley*, 34 N.C. App. 503, 513, 239 S.E. 2d 574, 581 (1977), *disc. rev. denied*, 294 N.C. 441, 241 S.E. 2d 843 (1978). We perceive no prejudice to

defendant W. T. Combs, Jr., in the failure to give the instruction precisely as requested.

## VI. Denial of Motion to

## Reduce Actual Damages

[10] The jury returned a verdict for plaintiffs in the sum of $25,000 on the issue of actual damages. *Plaintiffs'* attorney stated that the figure returned "may exceed the evidence by about a thousand" and moved "that that amount be reduced to comply with the actual figures." *Defendant* assigns error to the denial of *plaintiffs'* motion.

"A court may not, without the assent of the interested party, reduce a verdict." *Brown v. Griffin*, 263 N.C. 61, 65, 138 S.E. 2d 823, 826 (1964). Plaintiffs were the interested parties here, and by making the motion they assented to the reduction. It thus would not have been error to grant the motion.

While it would not have been error, given plaintiffs' assent, to grant the motion, neither was it error to deny it. "[I]n all cases tried by a jury the judgment must be supported by and conform to the verdict in all substantial particulars." *Russell v. Hamlett*, 261 N.C. 603, 605, 135 S.E. 2d 547, 549 (1964). "The judgment should . . . follow the verdict." *Brown*, 263 N.C. at 65, 138 S.E. 2d at 826. Given plaintiffs' assent, the grant or denial of the motion was a matter for the trial court's discretion. *See Goldston v. Chambers*, 272 N.C. 53, 59, 157 S.E. 2d 676, 680 (1967). No abuse is apparent in its exercise of that discretion to deny the motion.

## APPEAL OF PLAINTIFFS

## I. Grant of Motion for Directed Verdict in

## Favor of Defendant Anthony R. Combs

[11] Plaintiffs assign error to the grant of defendant Anthony R. Combs' motion for directed verdict at the close of plaintiffs' evidence. The evidence relating to defendant Anthony R. Combs, in the light most favorable to plaintiffs, was as follows:

A. Stipulations. It was stipulated that (1) defendants W. T. Combs, Jr., and wife Sarah S. Combs conveyed property to defendant Anthony R. Combs, (2) defendant Anthony R. Combs by

warranty deed conveyed a portion of that property to plaintiff Janice Shreve, (3) the portion conveyed was heavily encumbered, both when it was conveyed to defendant Anthony R. Combs and when he conveyed it to plaintiff Janice Shreve, and (4) defendant Anthony R. Combs is the son of defendants W. T. Combs, Jr., and wife Sarah S. Combs.

B. Testimonial Evidence. Plaintiff Janice Shreve testified that the deed was from defendant Anthony R. Combs, but that she had never been told that he was the owner of the property, had never had any dealings with him, and had not even seen him. She testified: "I sought out [W. T.] Combs [Jr.] to buy the property, neither [W. T.] Combs [Jr.,] Sarah Combs nor Anthony Combs sought me out." She further testified:

[The deed] was prepared by Sarah, Bill, and Anthony Combs.

. . . Bill Combs conveyed the property to me. This paper says Anthony R. Combs, but I did not see or talk to Anthony Combs. I deal [sic] with Bill Combs. When I received the deed that is where it said it came from, but I did not purchase the land from [Anthony Combs], I did not see him.

. . . .

As far as I am concerned I purchased the land from Bill Combs, that is who the check went to and who I talked to about the purchase of the property and who told me what the land sold for and as far as I was concerned my dealing was with [Bill] Combs.

This says that I claim it from Anthony R. Combs.

Plaintiff Tony Shreve testified: "I don't know Anthony Combs or Sarah Combs and never talked to them." There was no other testimonial evidence relating to defendant Anthony R. Combs.

C. Admissions. By his failure to answer plaintiffs' requests for admissions, defendant Anthony R. Combs made the following pertinent admissions: (1) there was no consideration for the conveyance from the other defendants to him, (2) he was not the actual owner of the property, (3) the property was placed in his name by defendant W. T. Combs, Jr., or defendants W. T. Combs, Jr., and Sarah S. Combs for the purpose of defeating or attempt-

ing to defeat judgment creditors or potential judgment creditors, (4) he knew when he received the property and when he conveyed it that it was subject to encumbrances, (5) the deed he executed provided the property was free and clear of encumbrances at the time of conveyance, (6) the property was not in fact at that time free and clear of encumbrances, and (7) his execution of the deed representing the property to be unencumbered when in fact it was encumbered was an act which was deliberate, wrongful, and deceptive.

Through the stipulations, testimony, and admissions, plaintiffs presented evidence that defendant Anthony R. Combs made a false representation of a material fact by executing the warranty deed which represented the property to be free and clear of encumbrances when he knew it was not. The evidence set forth above in defendant W. T. Combs, Jr.'s appeal indicated that this misrepresentation deceived plaintiffs and plaintiffs were damaged thereby. Therefore, plaintiffs presented evidence relating to defendant Anthony R. Combs of the first, fourth, and fifth elements of actual fraud. *Terry v. Terry*, 302 N.C. 77, 83, 273 S.E. 2d 674, 677 (1980).

Plaintiffs did not, however, present evidence relating to defendant Anthony R. Combs of the second and third elements, that the misrepresentation was "reasonably calculated to deceive" and "made with intent to deceive." *Id.* Defendant Anthony R. Combs' admission that his parents conveyed the property to him to defeat or attempt to defeat judgment creditors or potential judgment creditors presents no evidence of *his* calculation or intent to deceive *the plaintiffs*. While he admitted that execution of the deed was wrongful and deceptive, he did not admit having knowledge of the wrongful or deceptive nature of his act prior to or contemporaneously with execution of the deed. Thus, these admissions do not contain evidence that defendant Anthony R. Combs executed the deed pursuant to a calculation and with intent to deceive plaintiffs.

Neither the stipulations, the testimony, nor the admissions contain any evidence in any way indicative of defendant Anthony R. Combs' state of mind when he executed the deed to plaintiffs. The evidence thus fails to establish against him the second and third elements of actual fraud, that his representations were

"reasonably calculated to deceive" and "made with intent to deceive." *Id.* The motion for directed verdict in his favor thus was properly granted.

## II. Grant of Motion for Directed Verdict
### in Favor of Defendant Sarah S. Combs

Plaintiffs assign error to the grant of defendant Sarah S. Combs' motion for directed verdict at the close of plaintiffs' evidence. The evidence relating to defendant Sarah S. Combs, in the light most favorable to plaintiffs, was as follows:

A. Stipulations. The stipulations set forth above in relation to defendant Anthony R. Combs are also the pertinent stipulations in relation to defendant Sarah S. Combs.

B. Testimonial Evidence. Plaintiff Janice Shreve testified that (1) when she first called the office of defendant W. T. Combs, Jr., to inquire about the property, defendant Sarah S. Combs answered the phone, (2) she believed that when she went by the office of defendant W. T. Combs, Jr., to pick up the deed, defendant Sarah S. Combs gave it to her, (3) defendant Sarah S. Combs did not tell her not to check the title, (4) defendant Sarah S. Combs did not seek her out to purchase the property, and (5) the deed "was prepared by Sarah, Bill and Anthony Combs." Plaintiff Tony Shreve testified: "I don't know Anthony Combs or Sarah Combs and have never talked to them." The father of plaintiff Janice Shreve testified that he had talked with defendant Sarah S. Combs. He stated: "She said that she did not know what Bill [defendant W. T. Combs, Jr.] was doing. She did not know half the time what he done [sic] and that was all I said to her about it." There was no other testimonial evidence relating to defendant Sarah S. Combs.

C. Admissions. By her failure to answer plaintiffs' requests for admission, defendant Sarah S. Combs made the following pertinent admissions: (1) she executed the deed from herself and defendant W. T. Combs, Jr., to their son, defendant Anthony Combs; (2) she typed that deed; (3) she also typed the deed from defendant Anthony R. Combs to plaintiff Janice Shreve; (4) she knew of no consideration for the deed from herself and defendant W. T. Combs, Jr., to defendant Anthony R. Combs; (5) at the time

of the conveyance from defendant Anthony R. Combs to plaintiff Janice Shreve, defendant Anthony R. Combs was not the real owner of the property; (6) defendant Anthony R. Combs did not receive the purchase price for the property conveyed to plaintiff Janice Shreve; (7) at the time of the conveyance from herself and defendant W. T. Combs, Jr., to defendant Anthony R. Combs, the property conveyed was heavily encumbered; and (8) at the time of execution of the deed from defendant Anthony Combs to plaintiff Janice Shreve, she knew of the existence of these encumbrances.

We held above that the evidence relating to defendant Anthony R. Combs failed to establish against him the second and third elements of actual fraud, and that the motion for directed verdict in his favor thus was properly granted. The evidence relating to defendant Sarah S. Combs did not even establish a false representation made by her to plaintiffs and was even less indicative of the second and third elements of actual fraud than that relating to defendant Anthony R. Combs. It follows that the motion for directed verdict in favor of defendant Sarah S. Combs also was properly granted.

## RESULT

In the appeal of defendant W. T. Combs, Jr., no error.

In the appeal of plaintiffs, affirmed.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.