BARCLAYS AMERICAN FINANCIAL, INC. v. CONRAD HAYWOOD AND GENEVA HAYWOOD

No. 8229DC1243

(Filed 6 December 1983)

**Husband and Wife § 3; Rules of Civil Procedure § 36— action against spouses—admissions by husband not binding on wife**

    In an action to recover on a note allegedly signed by defendant spouses, failure of defendant husband to respond in apt time to interrogatories and requests for admissions addressed only to him constituted admissions of fact by him under G.S. 1A-1, Rule 36(a) which justified the entry of summary judgment against him, but such admissions were not binding on defendant wife where there was no evidence that the husband was authorized to act as the wife's agent.

APPEAL by defendant from *Greenlee, Judge.* Judgment entered 1 July 1982 in District Court, RUTHERFORD County. Heard in the Court of Appeals 20 October 1983.

Plaintiff brought this action to recover a debt owed by defendants, spouses, Conrad and Geneva Haywood. The trial court granted plaintiff's motion for Summary Judgment and defendant, Geneva Haywood, appeals on the basis that admissions by her husband are not binding as to herself.

The pertinent facts are as follows:

Plaintiff instituted action on 20 November 1981 against defendants, Conrad and Geneva Haywood, to recover $744.50 plus interest due on a Promissory Note allegedly signed by both defendants. On 2 December 1981, both defendants filed an Answer denying execution of the said Note. On 21 January 1982, plaintiff served eleven Interrogatories, addressed to defendant, Conrad Haywood. On 27 April 1982, when defendant had not yet answered plaintiff's Interrogatories, plaintiff served thirteen Requests for Admissions of Fact, again addressed to defendant, Conrad Haywood. On 8 June 1982, when defendant had not yet responded to plaintiff's Requests, plaintiff moved for Summary Judgment against both defendants based on admissions of fact deemed to have been made by defendant, Conrad Haywood's failure to respond. On 21 June 1982, defendant, Conrad Haywood, filed Answers both to the Interrogatories and to the Requests for Admissions. In his Answers, he admitted signing plaintiff's Prom-

issory Note, but denied that his wife, Geneva Haywood, had signed. On 23 June 1982, plaintiff moved to dismiss defendant's Answer to plaintiff's Requests for Admissions of Fact because such Answer was filed too late under Rule 36(a) of the North Carolina Rules of Civil Procedure.

On 1 July 1982, the Court dismissed defendant's Answers to the Requests for Admissions and concluded that by virtue of defendants' failure to timely answer said Requests, they were liable to plaintiff for $744.50 plus interest thereon at a rate of 23.814% from 11 November 1981, plus costs. There being no genuine issue of material fact, the Court granted Summary Judgment against both defendants. Defendant, Geneva Haywood, appeals.

*No brief for plaintiff appellee.*

*J. H. Burwell, Jr., for the defendant appellant.*

VAUGHN, Chief Judge.

Defendant's sole contention on appeal is that the trial court erred by granting Summary Judgment against her, based on the deemed admissions of her husband and co-defendant. We agree with defendant.

Pursuant to Rule 36(a) of the North Carolina Rules of Civil Procedure, upon plaintiff's serving defendant with written requests for admissions, the matters contained in such requests are deemed admitted unless answered or objected to by defendant within the requisite time, i.e., thirty days. In the case, *sub judice*, on 26 April 1982, plaintiff served defendant, Conrad Haywood, but not defendant, Geneva Haywood, with Requests for Admissions. Plaintiff's Requests, in essence, asked defendant to admit or deny that Conrad Haywood had signed the Promissory Note to plaintiff; that Geneva Haywood had signed said Note; that the amount due plaintiff was $744.50; that no monthly payments had been made from 24 March 1981 to present; and that said Note was supposed to have been paid by 24 March 1981.

Defendant Conrad Haywood's failure to answer or object to plaintiff's Requests within the requisite time was an admission by him under G.S. 1A-1, Rule 36(a). The effect of such admission conclusively established defendant, Conrad Haywood's liability to

plaintiff. G.S. 1A-1, Rule 36(b). Summary Judgment against defendant, Conrad Haywood, was proper on these facts. *See Overnite Transportation v. Styer*, 57 N.C. App. 146, 291 S.E. 2d 179 (1982); *Shreve v. Combs*, 54 N.C. App. 18, 282 S.E. 2d 568 (1981).

Summary Judgment should not, however, have been granted against defendant, Geneva Haywood, since there were material issues of disputed facts regarding her liability on the Note. The only facts in evidence pertaining to her liability were contained in the pleadings and in plaintiff's Exhibit A, a copy of the said Note. Plaintiff claimed in its Complaint that defendants had executed a Promissory Note to plaintiff for valuable consideration, that defendants had defaulted on said Note, and that the entire outstanding balance due plaintiff was $744.50. Had defendant, Geneva Haywood, admitted the truth of these charges, Summary Judgment would have been proper. Defendants, however, in their Answer to the Complaint, denied all of these charges. Plaintiff made no further discovery to determine defendant, Geneva Haywood's liability. Its Interrogatories and Requests for Admissions of Fact were served on Conrad, not Geneva Haywood.

Although Conrad Haywood's failure to answer or object in time to plaintiff's Requests for Admissions of Fact constituted admissions of fact by him, they did not bind his wife and co-defendant, Geneva Haywood. Facts admitted by one defendant are not binding on a co-defendant. *Community Bank of Hayti v. Midwest Steel Erection, Inc.*, 24 Fed. R. Serv. 2d 428 (D.S.D. 1977); *United States v. Wheeler*, 161 F. Supp. 193 (W.D. Ark. 1958). Furthermore, that the co-defendants were married does not create any presumption or proof that Conrad Haywood was his wife's agent. *Air Conditioning Co. v. Douglass*, 241 N.C. 170, 84 S.E. 2d 828 (1954); *Zickgraf Hardwood Co. v. Seay*, 60 N.C. App. 128, 298 S.E. 2d 208 (1982). Plaintiff presented no evidence that Conrad Haywood was authorized to act as his wife's agent. Although only slight evidence of agency is required when the wife receives, retains and enjoys the benefits of a contract, plaintiff presented no evidence that Geneva Haywood had received any such benefits. *See Norburn v. Mackie*, 262 N.C. 16, 136 S.E. 2d 279 (1964); *Zickgraf Hardwood Co., supra.*

Since there were material issues of fact regarding Geneva Haywood's liability on the said Note, Summary Judgment as to Geneva Haywood must be and is reversed.

Reversed.

Judges HEDRICK and BECTON concur.